# Hoskins, Appellant, *v.* Somerset Coal Company.

*Malicious prosecution—False imprisonment—Contempt proceedings—Collateral attack on judgment.*

In an action to recover damages for false imprisonment in contempt proceedings, a nonsuit is properly entered, because the decree of the court in contempt proceedings is not subject to collateral attack.

A sentence for contempt is not essentially different from any other judgment, decree or sentence. It is a matter adjudicated, and it belongs to the very essence of governmental order that it cannot be reviewed except by the court that pronounced it, or by its official superior.

Where a person has been adjudicated in contempt, but the court has discharged him on payment of costs only, he cannot maintain an action of malicious prosecution against the petitioner in the contempt proceedings on the theory that the discharge was the result of a failure to make out a case against the plaintiff. Such order was really in effect a sentence to pay the costs following an adjudication that the plaintiff was in contempt.

Argued Oct. 24, 1907. Appeal, No. 174, Oct. T., 1907, by plaintiff, from order of C. P. Somerset Co., Sept. T., 1905, No. 94, refusing to take off nonsuit in case of John W. Hoskins v. Somerset Coal Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for false imprisonment. Before GALBREATH, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Alexander King,* for appellant.—To maintain the action all that was incumbent upon the plaintiff was to produce evidence of his arrest and imprisonment ; that they were at the instance and in the suit of the defendant company, and that he was denied the right to go on bail to appear in court on return day of the attachment : McAleer v. Good, 216 Pa. 473 ; Ritter v. Ewing, 174 Pa. 341 ; Auer v. Mauser, 6 Pa. Superior Ct. 618.

Courts of equity have jurisdiction or power to enforce its

decrees only against parties to the suit : Com. v. Newton, 1 Grant, 453 ; Com. v. Reed, 59 Pa. 425, 428, 429 ; Grohmann v. Kirshman, 168 Pa. 189 ; Baker v. Moore, 29 Pa. Superior Ct. 301.

While a conviction of guilt and a sentence for contempt is a judgment of the court, there is no record of that kind in this equity case.  On the contrary, the order of the court is a discharge of the prisoner : Doyle v. Com., 107 Pa. 20.

*W. H. Koontz* and *W. H. Ruppel*, with them *J. G. Ogle* and *Chas. F. Uhl, Jr.*, for appellee.—The matter of contempt having been determined by a court of competent jurisdiction, cannot be inquired into by another court : Doyle v. Commonwealth, 107 Pa. 20 ; Com. v. Newcomet, 18 Pa. Superior Ct. 508 ; Com. ex rel. Smith v. Butler, 19 Pa. Superior Ct. 626.

OPINION BY MR. JUSTICE FELL, January 6, 1908 :

This was an action to recover damages for false imprisonment.  From the record of the common pleas, offered in evidence by the plaintiff, it appeared that an injunction had been issued by the court restraining the defendants named in the bill, and all other persons, from the time when they should have knowledge of the injunction from interfering with the works and the employees of the Somerset Coal Company, the defendant in this action.  Upon petition supported by affidavits that the plaintiff and others, with a full knowledge of the injunction, had intentionally and defiantly violated it, a rule was granted to show cause why they should not be attached for contempt.  After a hearing at which the plaintiff was present, and while the case was pending and undetermined, a second petition was presented to the court in which it was alleged that the plaintiff had further violated the injunction.  On this petition an attachment was issued, and the plaintiff was arrested by the sheriff and confined in the county jail.  On the return day of the writ he was given a hearing, and it was found that he had violated the injunction and was in contempt. The order made was : " We do not now impose upon the said John Hoskins any fine but direct that upon the payment of the costs he be discharged from the custody of the sheriff."

A nonsuit was entered for the reasons, among others, that

the decree of the court in the contempt proceedings was binding on a court of co-ordinate jurisdiction.   In Williamson's Case, 26 Pa. 9, it was said : " A sentence for contempt is not essentially different from any other judgment, decree or sentence.   It is a matter adjudicated, and it belongs to the very essence of governmental order that it cannot be reviewed except by the court that pronounced it, or by its official superior."   In Doyle v. Commonwealth ex rel. Davis, 107 Pa. 20, the relator was discharged by one court of common pleas from arrest under an attachment issued by another court.   It was said in the opinion : " It is very evident that this is substantially a review and reversal of the judgment on which the writ of attachment was based, and the question is whether one court can modify or set aside the judgment of another court of co-ordinate jurisdiction.   If it can, the most deplorable consequences would likely ensue ; we have no hesitation in saying that no such power exists."   The order of the court discharging the plaintiff on payment of costs was not, as argued, a discharge because of the failure to make out a case against him ; it was in effect a sentence to pay the costs following an adjudication that he was in contempt.

The judgment is affirmed.