## Commonwealth ex rel. *v.* Shecter, Appellant.

*Husband and wife—Desertion—Municipal court—Court of quarter sessions—Jurisdiction—Retrospective legislation.*

The municipal court of Philadelphia has jurisdiction to issue an attachment against a husband to compel him to comply with an order made by the court of quarter sessions directing him to make a weekly payment to his wife, although such order was made by the quarter sessions prior to the date of the statute creating the municipal court.

The act creating the municipal court is not open to the objection that it is retrospective legislation in so far as it confers upon that court. power to enforce an order of support in a desertion case, made by the quarter sessions prior to the creation of the municipal court.

Argued Oct. 15, 1914.  Appeal, No. 171, Oct. T., 1914, by defendant, from order of the Municipal Court of Phila. Co., Feb. T., 1914, No. 186, awarding attachment in case of Commonwealth ex rel. v. Jacob Shecter. Before Rice, P. J., Orlady, Head, Kephart and Trexler, JJ.  Affirmed.

Petition for attachment.

From the record it appeared that on December 16, 1913, the court of quarter sessions of Philadelphia county made an order on the defendant to pay to his wife, Adele Shecter, the sum of $4.50 per week for her support.  The defendant failed to comply with this order, and on February 18, 1914, he owed his wife the sum of $18.00.  The municipal court awarded an attachment, and on June 30, 1914, entered an order directing defendant to pay the sum of $103.50 to his wife, and the continuance of the payment of $4.50 per week, and that he should stand committed until this order was complied with.  Defendant appealed.

*Error assigned* was the order of the court.

*John H. Fow,* for appellant.—The municipal court has no jurisdiction: Williamson's Case, 26 Pa. 9; Kirk v. Milwaukee Dust Collectors, 26 Fed. Repr. 501; Calder v. Bull, 3 Dallas, 385; People ex rel. v. County Judge, 27 Cal. 151; Johnston v. Commonwealth, 1 Bibb (Ky.), 598; Morriss v. Whitehead, 65 N. C. 637; Penn v. Messinger, 1 Yeates (Pa.), 2; State v. Thurmond, 37 Tex. 340.

*Franklin E. Barr,* assistant district attorney, with him *Samuel P. Rotan,* district attorney, for appellee.—

The act creating the municipal court transfers to the municipal court jurisdiction in all matters connected with desertion and nonsupport cases pending in the court of quarter sessions on January 1, 1914: Commissioners, etc., v. Blackburn, 68 N. C. 406; State v. Lackey, 2 Ind. (Carter) 285; Brown's App., 12 Pa. 333.

OPINION BY HEAD, J., February 24, 1915:

The difficulties, if any, which may attend the proper solution of the question presented to us by this record do not arise because of any complications in the question itself. On the contrary it is single and simple and the situation from which it springs may thus be stated.

On December 16, 1913, the court of quarter sessions of Philadelphia county—after a hearing in an ordinary desertion case—ordered and decreed that the defendant, the present appellant, pay to his wife "the sum of four 50/100 dollars per week for the support of herself from this date, etc." On July 12, 1913, the statute creating the municipal court was approved. In the eleventh section of that act it is declared, inter alia, "The jurisdiction of the said municipal court shall be exclusive, (a) In all proceedings brought against any husband wherein it is charged that . . . . he has neglected to maintain his wife or children." In the final section this general grant of power will be found: "The said municipal court, . . . . subject to the provisions of this act, shall have all of the powers of a court of record possessed by the courts of common pleas and of quarter sessions of the peace and oyer and terminer in the county of Philadelphia."

Later on, after the election of the judges and the organization of the municipal court, the wife, at whose instance the original proceeding had been begun, filed, in the municipal court, her affidavit setting forth her husband had failed or refused to comply with said order and was then some four weeks in arrears. Thereupon that court issued its process and the defendant was

brought in.  He filed an answer denying the jurisdiction of the municipal court to enforce the order made by the quarter sessions, and alleging that any attempt so to do would be "an interference with the powers of the judge and the court having original jurisdiction."  After hearing and argument the court, in an opinion filed by President Judge Brown, determined it had jurisdiction and made an order directing the defendant to presently pay the sum in arrears, and to continue the payment of the weekly sum fixed by the original order of the quarter sessions.  It was further ordered "that he stand committed until this order be complied with, or he enter security for the faithful performance thereof."  From that order of the municipal court this appeal was taken.

Let us concede the sentence imposed by the court of quarter sessions was a regular valid judgment of that court.  It would follow, of course, that, until opened or stricken off by the court that entered it, or until reversed or set aside by a court of superior jurisdiction, such judgment must be regarded as conclusive of everything adjudicated by it.  What then was adjudicated?  Doubtless that the defendant was a married man, a husband, with a wife in full life; that he had neglected or refused to maintain and support her, and that, under then existing conditions, the sum named was the proper amount he must contribute weekly to discharge his marital and legal duty.  But owing to the nature of the proceeding the judgment did more than adjudicate the facts we have stated.  It created a forward, continuous, weekly-recurring obligation to do a certain thing.  As each weekly installment would be paid the demand of the judgment, for that limited period, would be satisfied.  But with the advent of each new week it would be restored to as full life and vigor as if then newly entered.

If the husband, notwithstanding the judgment, defiantly refused to obey its commands, what was the remedy of the injured wife?  She could begin a proceed-

ing by petition averring the refusal of the husband to perform the sentence that had been imposed, and invoking the punitive or coercive power of the court to compel such performance. Manifestly such a proceeding would neither invite nor require any review or revision of the judgment previously entered or any reconsideration of any matter or thing adjudicated by it. On the contrary, that judgment in all of its integrity would become the very basis and foundation stone on which her new proceeding would rest.

Now when the statute declared the municipal court should have jurisdiction "in all proceedings brought against any husband . . . . wherein it is charged . . . . he has neglected to maintain his wife," it is difficult to see why the proceeding before us is not within both the letter and spirit of the legislative act. Clearly the exercise, by the municipal court, of the power invoked, involves no assault upon the constitutional rights and powers of the court of quarter sessions of Philadelphia county, nor would it result in any impairment of the integrity of any judgment entered by that court. The case of Doyle v. Commonwealth, 107 Pa. 20, cannot be controlling of the question before us, and the argument drawn from what was there decided, is wholly beside the mark.

The conclusion we reach is further strengthened by a consideration of the final section of the statute which declares that in the exercise of the jurisdiction conferred, the new court "shall have all of the powers . . . . possessed by the court of quarter sessions of the peace in the county of Philadelphia." The municipal court, in the proceedings we are reviewing, is but exercising the identical power that every one concedes theretofore resided in the court of quarter sessions. In a word, the remedy of the injured wife remains precisely what it was. The obligation of the defaulting husband is unchanged. The coercive power of the court here invoked and applied is exactly that to which he has been sub-

ject every moment since the original order was made.
The legislature has but changed the source whence that
power emanates. We are unable to perceive how this
appellant has been aggrieved by the order appealed
from.

But it is finally urged that the construction of the
statute we adopt would stamp it as retrospective legisla-
tion. We have already indicated the reasons that lead
us to a different conclusion. But even if in any sense
the act could be fairly considered retrospective, it is
clearly not so in that sense which makes such legislation
objectionable. In Buchanan v. Corson, 51 Pa. Superior
Ct. 558, we had occasion to review at length the decisions
on that subject. We quote again from the language of Mr.
Justice AGNEW in Shonk v. Brown, 61 Pa. 320: "The true
principle on which retrospective laws are supported was
stated long ago by DUNCAN, J., in Underwood v. Lilly,
10 S. & R. 97, to wit: where they impair no contract
or disturb no vested right but only vary remedies, cure
defects in proceedings otherwise fair, which do not vary
existing obligations contrary to their situation when
entered into and when prosecuted." Applying this rule,
it is clear this appellant can create no barrier to impede
the operation of the statute by the argument tending to
show the legislation is retrospective.

It may not be amiss to add a suggestion merely that
may tend to promote good practice. When a proceeding
like the one we have been considering, is begun in the
municipal court, it should be by a petition reciting the
record and judgment in the quarter sessions on which it
rests. It should set forth the default complained of,
the amount in arrears, etc. When the defendant is
brought in he has his day in court. He might, by
answer, deny the existence of such record, or traverse
the allegations as to his default, or advance any other
matter occurring since the entry of the original judg-
ment that would amount to good cause for staying the
hand of the court. The new issue would thus be plainly

defined and the record in the municipal court made complete and self-sustaining.

The assignments of error are all overruled.

The order or decree of the municipal court is affirmed.

Judges KEPHART and TREXLER dissent.