## UNITED STATES v. MICHALSKI.

(District Court, W. D. Pennsylvania. November Term, 1919.)

### No. 194.

**Criminal law ⟷263—Affidavit on information and belief insufficient to authorize bench warrant.**

Under Const. Amend. 4, forbidding issuance of warrants, except upon probable cause, supported by oath or affirmation, a bench warrant will not be issued on an information supported by an affidavit made on information and belief of affiant, since that article clearly requires a statement of the facts to the magistrate who issues the warrant, not a conclusion by another.

An information was filed against Frank Michalski for a violation of the National Prohibition Act. On application by the United States District Attorney for bench warrant. Refused.

ORR, District Judge. The United States attorney for this district has presented an information and has asked that this court issue a

bench warrant for the apprehension of the defendant. The United States attorney bases the information entirely upon an affidavit made by H. H. Moltz, federal prohibition agent, which is attached to and made part of the information presented. The affidavit supporting the information is made upon "knowledge, information, and belief" that Frank Michalski willfully and unlawfully sold certain drinks of whisky to two different persons, in violation of the provisions of title 2 of the National Prohibition Act (Act Oct. 28, 1919, c. 85, 41 Stat. 305).

The court has refused to order the arrest of the defendant, because of the insufficiency of the information with its supporting affidavit. They do not meet the requirements of the Constitution of the United States, which, by its Fourth Amendment—

"declares that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation, * *· * describing the place to be searched, and the persons to be seized.' It is plain from this fundamental enunciation, as well as from the books of authority on criminal matters in the common law, that the probable cause referred to, and which must be supported by oath or affirmation, must be submitted to the committing magistrate himself, and not merely to an official accuser, so that he, the magistrate, may exercise his own judgment on the sufficiency of the ground shown for believing the accused person guilty; and this ground must amount to a probable cause of belief or suspicion of the party's guilt. In other words, the magistrate ought to have before him the oath of the real accuser, presented either in the form of an affidavit,.or taken down by himself by personal examination, exhibiting the facts on which the charge is based and on which the belief or suspicion of guilt is founded. The magistrate can then judge for himself, and not trust to the judgment of another, whether sufficient and probable cause exists for issuing a warrant. It is possible that by exercising this degree of caution some guilty persons may escape public prosecution, but it is better that some guilty ones should escape than that many innocent persons should be subjected to the expense and disgrace attendant upon being arrested upon a criminal charge, and this was undoubtedly the beneficent reason upon which the constitutional provision referred to was founded."

The foregoing language is that of Justice Bradley of the Supreme Court, who was then sitting in the Circuit Court for the Northern District of Georgia, and is found in Re Rule of Court, 3 Woods, 502, Fed. Cas. No. 12,126. In view of the considerations thus expressed by him, that court adopted this rule for the guidance of the commissioners of the court in the matter of issuing warrants of arrest against persons charged with crime:

"No warrant shall be issued by any commissioner of this court for the seizure or arrest of any person charged with a crime or offense against the laws of the United States upon mere belief, or suspicion of the person making such charge; but only upon probable cause, supported by oath or affirmation of such person, in which shall be stated the facts within his own knowledge constituting the grounds for such a belief or suspicion."

The propriety of conformity to the requirements of that rule is apparent. When we consider that when a warrant issues in pursuance of an affidavit based on information and belief, and the sources of information do not appear, the person arrested is without opportunity to invoke the law either against the person making the affidavit, be-

cause of perjury, or against the person furnishing the information, because of slander or libel.

The federal courts have been consistent in following the principles thus enunciated by Mr. Justice Bradley. In United States v. Turcaud (D. C.) 20 Fed. 621, several informations were quashed because they were based upon affidavits which did not show probable cause arising from facts within the knowledge of the parties making them. The court considered the subject, referred to and approved the language of Mr. Justice Bradley, and held in the several cases that an averment by an affiant of his belief, without showing the grounds of his belief in the truth of the statements, was not sufficient. The same principles governed the court in United States v. Collins (D. C.) 79 Fed. 65. Again, in United States v. Sapinkow (C. C.) 90 Fed. 654, the subject is considered, and it was held:

"Complaints in criminal cases must be upon such oath as is required by the United States Constitution and Rev. St. § 1014; and a complaint purporting to be on information and belief, in which no grounds and sources of information are stated, but only certain grounds of belief not appearing to be based on deponent's personal knowledge, is insufficient, and does not confer jurisdiction to issue a warrant of arrest."

The whole subject was carefully considered by Judge Ray in United States v. Baumert et al. (D. C.) 179 Fed. 735, with approval of the principles so carefully pronounced by Judge Bradley.

We come down to later cases. Weeks v. United States, 216 Fed. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524, is a case where the requisites of informations and the necessity for verification by accompanying affidavit were considered by the Circuit Court of Appeals of the Second Circuit. The principle is emphasized in the strongest way that an information, when made the basis of an application for a warrant of arrest, must be supported by an affidavit based on personal knowledge and showing probable cause. Of course, an information need not be based on such an affidavit when it is not made the basis for a warrant of arrest. A late case which is conveniently at hand is In re Rosenwasser Bros. (D. C.) 254 Fed. 171, decided October 31, 1918, where it was held that—

"Probable cause for the issuance of a search warrant must be shown by the facts alleged, and is to be determined therefrom by the magistrate, and not by the opinion of the affiant, although the facts may be averred on information, if the source of the information is stated."

To cite other cases from the federal Circuit and District Courts would unduly prolong this opinion. A reference, however, may be made to Rice v. Ames, 180 U. S. 371–374, 21 Sup. Ct. 406, 407 (45 L. Ed. 577), and following, where it is emphatically stated that—

"A citizen ought not to be deprived of his personal liberty upon an allegation which, upon being sifted, may amount to nothing more than a suspicion. While authorities upon this subject are singularly few, it is clear that a person ought not to be arrested upon a criminal charge upon less direct allegations than are necessary to authorize the arrest of a fraudulent or absconding debtor."

That court holds that certain complaints—

"were obviously insufficient, since the charges were made solely upon informa-
tion and belief, and no attempt was made even to set forth the sources of in-
formation or the grounds of affiant's belief. This is bad, even in extradition
proceedings, which are entitled to as much liberality of construction in further-
ance of the objects of the treaty as is possible in cases of a criminal nature."

In Beavers v. Henkel, 194 U. S. 73–87, 24 Sup. Ct. 605, 48 L. Ed.
882, there was a disclosure of the source of information in the affidavit
which supported the complaint, and the Supreme Court stated that
this disclosure of the source of information was sufficient. But does
the word "knowledge," which precedes the words "information and
belief," require the approval of the information in this case? We
think not, because it is not made to appear in the affidavit which aver-
ments are within the knowledge of the affiant and which are within his
information. The real offense under the Wartime Prohibition Act
is the sale of the drinks, and of that it must be that the affiant was
informed. Otherwise, in the line of his duty as federal prohibition
agent, he would state that he was present at the sale or sales.

I am satisfied that the affidavit, under the fundamental law of the
land, is not sufficient to support the information and justify the issu-
ance of a warrant for the arrest of the defendant. Therefore the
application for a bench warrant is refused.

I am authorized to state that Judge THOMSON concurs in this
opinion.