## Ex Parte W. L. Kennedy.

No. 13551. Delivered June 11, 1930.
Rehearing denied December 17, 1930.
Reported in 33 S. W. (2d) 443.

The opinion states the case.

*Heidingsfelder & Kahn* of Houston, for appellant.

*O'Brien Stevens,* Crim. Dist. Atty., and *E. T. Branch,* both of Houston and *A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Relator was restrained by the sheriff of Harris County after the Governor of Texas had honored requisition made upon him by the Governor of Florida. A writ of habeas corpus having been granted, relator was, after a hearing, remanded to custody.

Relator offered to introduce evidence which tended to show that he was not guilty of the offense of embezzlement,—this being the offense charged in the indictment,—and further offered evidence which tended to show that the prosecution had been instituted in the State of Florida for the purpose of forcing relator to refund the money alleged to have been embezzled. The principle controlling is announced in Ex parte Pinkus, 25 S. W. (2d) 334, from which we quote:

"Testimony was introduced purporting to show this was not a bona fide prosecution in New York State, but was an attempt to collect this debt, and that appellant was not and could not have been guilty of the offense. * * * We will not go behind a valid requisition for a fugitive from justice to make any inquiry of the character noted above."

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Relator finds fault with the soundness of our opinion, and again insists that the authorities cited by him in his original brief announce a different rule. We have examined

these authorities and regret that we can not agree with them in the soundness of any conclusion that the courts of the asylum state have the right to hear evidence upon and determine the issue as to the fairness and good faith of the prosecution pending in the demanding state, and this is especially true when an indictment has been returned against the accused and is made the basis for the demand upon the governor of the asylum state. As we view the matter, the question of good faith in the prosecution is but one way of arriving at the guilt or innocence of the accused, and is but one phase of that question. A grand jury is a legally constituted and functioning governmental agency, whose indictments legally returned import good faith.

In addition to what we said in Ex parte Pinkus, referred to in the original opinion, the matter under discussion was considered by this court in Ex parte Hatfield, 90 Texas Crim. Rep. 293, in which we quoted with approval the statement that "In habeas corpus proceedings for the discharge of a prisoner held under an extradition warrant issued by the governor of a state, the Federal court will not consider or pass upon any matters of defense to the indictment upon which the extradition is based, nor a charge that the requisition proceedings are instigated by malice, or intended to annoy and harass the petitioner." We observed that we saw no reason for believing a different rule should obtain in state courts, and especially when the requisition is based upon an indictment apparently regular and certified to by the governor of the demanding state as authentic. We referred also to Ex parte McDaniel, 76 Texas Crim. Rep. 184, as upholding the proposition that the trial court correctly declined to hear evidence, the effect of which was to show that the accused was not guilty. We are still of opinion that the trial court did not err in the case before us in declining to receive evidence claimed to be for the purpose of showing that the relator was not guilty, and that the prosecution was instigated for the collection of a debt.

The motion for rehearing will be overruled.

*Overruled.*