**UNITED STATES v. KENNEDY.**
**SAME v. HOFFMANN.**
Nos. 10916, 10907.

District Court, D. Colorado.
May 27, 1946.

Thomas J. Morrissey and Joseph N. Lilly, both of Denver, Colo., for U. S.

Kenneth W. Robinson, Robert Swanson, and Hyman D. Landy, all of Denver, Colo., for Joe Hoffmann.

Kenneth W. Robinson, Robert Swanson, and Howard T. Roepnack, all of Denver, Colo., for Lloyd C. Kennedy.

SYMES, District Judge.

Two informations have been filed by the United States against the above-named de-

fendants respectively and have been consolidated for argument of the motions hereafter discussed.

In United States v. Hoffmann, No. 10907, after reciting defendant is engaged in the business of selling beef and veal carcasses wholesale cuts and other beef and veal items to individuals for consumption off the premises, the information charges violations of ceiling prices, failure to keep proper records, and furnishing false and incorrect invoices of sales—all in violation of OPA regulations.

The information in United States v. Kennedy, No. 10916, after reciting that he is in the business of selling beef carcasses and dressed hogs otherwise than at retail, alleges that in the course of said business he violated the price regulations in respect to price, failure to keep correct invoices, and furnishing false and incorrect invoices, etc.

■ Each defendant filed motions to quash the warrant of arrest, vacate the proceedings and move to dismiss. Also that the permission granted by the court to file the informations be withdrawn. This latter is inappropriate and superfluous, in view of Rule 7(a) of the Rules of Criminal Procedure abolishing the requirement.

Informations now can be filed any time without permission of the court.

The main ground of the motions is: "That said information is not supported by affidavit or affidavits prescribed by law and any arrest hereunder constitutes an illegal and void seizure of this defendant".

Each information is verified by an investigator of the Office of Price Administration in the following form, to wit: "* * * that he has read the above and foregoing information and knows the contents thereof, and that the same is true to the best of his knowledge, information and belief".

The defendants' argument is: The verifications made by investigators of the Office of Price Administration, merely state the affiant has information, and that the same is true to the best of his knowledge, information and belief. That it is a fundamental requirement of criminal pleading that where affirmation is made it must be positive and of the affiant's knowledge, and not qualified.

The Government's brief and argument starts with Rule 9 of the new Rules of Criminal Procedure, which provides in brief that "* * * the court shall issue a warrant for each defendant named in the information, if it is supported by oath, or in the indictment."

And from that it argues this rule does not prescribe the form of the oath or before whom it is to be sworn, citing the Weeks case, 2 Cir., 216 F. 292, L.R.A. 1915B, 651, Ann.Cas.1917C, 524, and Albrecht v. United States, 273 U.S. 1, 47 S. Ct. 250, 71 L.Ed. 505.

The Weeks case does not support the Government's contention. The verification there was not made by the United States Attorney, and the Government's brief, p. 5, contains the following therefrom: "If the application for the warrant is made to the court upon the strength of the information, then the information should be verified or supported by an affidavit showing probable cause to believe that the party against whom it is issued has committed the crime with which he is charged".

The Albrecht case, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505, says that the United States Attorney, like the Attorney General of England, may file an information under his oath of office and if he does so his official oath may be accepted as sufficient to give verity to the allegations of the information.

The fundamental question presented by the motions had the very serious attention of the framers of our Constitution. The latter, as is well known, was only ratified by the Thirteen Original Colonies on the understanding and agreement with some of them at least that it would be amended, as it was, by the first ten amendments—the so-called "Bill of Rights". Among these is the Fourth Amendment which, after declaring that the people shall be secure against unreasonable searches and seizures, provides: "And no Warrant shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Defendants argue upon this language that a verification must be made positively; that is, of affiant's own knowledge, and not be qualified. That for that reason the verifications here violate this provision, being made upon the knowledge, information and belief of the affiant. No one can say how much is made on information, how much on belief, or how much on knowledge.

■ The Supreme Court in United States v. Morgan, 222 U.S. 274, at page 282, 32 S.Ct. 81, 82, 56 L.Ed. 198, says: "A further answer is, that as to this and every other offense, the 4th Amendment furnishes the citizen the nearest practicable safeguard against malicious accusations. He cannot be tried on an information unless it is supported by the oath of someone having knowledge of facts showing the existence of probable cause." See also United States v. Thompson, 251 U.S. 407, at page 414, 40 S.Ct. 289, 64 L.Ed. 333.

In a very early case in the Supreme Court, Ex parte Burford, 3 Cranch 448, 7 U.S. 448, 450, 2 L.Ed. 495, Mr. Chief Justice Marshall discussed a situation where the marshal's return—pursuant to which Burford was arrested and carried before the justices and committed to jail in default of furnishing recognizance to insure "his good behavior towards the citizens of the United States, and their property." The Chief Justice inquired as to the authority of the jailer to keep him in jail, and for that purpose looked to the warrant of commitment, calling attention to the fact that it stated no offense, or it is not alleged that he was convicted of any crime. It states merely that Burford had been brought before a meeting of many justices of the peace for said county, and was by them required to find sufficient sureties in the sum of $4,000 for his good behavior.

It was not alleged that witnesses were examined, nor any other matter which can be the grounds for their order that defendant find sureties. Observing that the defendant was still detained under the warrant of the justices, and if that is defective there is no cause of detainer, the Judges of the Court were unanimous that the warrant of commitment was illegal, not stating some good cause certain, supported by oath. That if the circuit court had proceeded de novo, perhaps, it might have made a difference, but this [the Supreme] Court is of the opinion that that court has gone only on the proceedings before the Justices; it has gone so far as to correct only two of the errors committed, but the rest remain. The prisoner was discharged. This case seems to have been cited often with approval. See Go-Bart Co. v. United States, 282 U.S. 344, at page 355, 51 S.Ct. 153, 157, 75 L.Ed. 374, where the Court said: "The complaint, which in substance is recited in the warrant, was verified merely on information and belief and does not state facts sufficient to constitute an offense." Citing Ex parte Burford (supra), and other cases. See also Gracie v. United States, 1 Cir., 15 F.2d 644, at page 646.

In United States v. 18 Cases of Tuna Fish, D.C., 5 F.2d 979, the Court, discussing the Fourth Amendment, says it was intended not to apply to admiralty proceedings, but "at least as to warrants for the arrest of persons charged with crime there seems no room for doubt that the amendment applies."

■ In United States v. Baumert, D.C., 179 F. 735, 738, the court passes squarely on the point, holding under the Fourth Amendment a Federal court "has no jurisdiction to direct the issuance of a warrant on an information filed, made on the information and belief of the United States attorney alone. It must be supported by proof establishing probable cause; that is, by legal evidence that a crime has been committed and that there is probable cause to believe the accused guilty of the commission thereof." Citing Hughes on Federal Procedure, p. 43, as follows: "A complaint to justify an information must show personal knowledge and probable cause."

■ The court, 179 F. page 739, cites Bradley, C. J. in Re Rule of Court, Fed. Cas.No.12126, 3 Woods 503, holding informations on information and belief were insufficient to justify the issuance of a warrant, saying: "It is plain from this fundamental enunciation, as well as from the books of authority on criminal matters in

the common law, that the probable cause referred to, and which must be supported by oath or affirmation, must be submitted to the committing magistrate himself, and not merely to an official accuser, so that he (the magistrate) may exercise his own judgment on the sufficiency of the ground shown for believing the accused person guilty * * *."

An article in the Federal Bar Journal for April, 1945 is pressed upon us as an authority. The author comments on some cases here cited and concludes that determination of means by which probable cause shall be established to justify issuance of arrest warrants under informations should be within the discretion of the court, and suggests the court may rely upon the presumption predicated upon the general oath of office of a Government attorney, or ignore the presumption.

█ He justifies his views by the statement it is the only way in which the requirements of the Fourth Amendment can be construed to meet the changing demands of criminal law enforcement. A very insidious statement, because criminal law enforcement should follow a constitutional provision, and not vice versa. Strict compliance with the Constitution is the duty of every court and law enforcement officer, and a rule of construction cannot be justified solely because it will enable the court to surmount particular exigencies. If the Amendment is not to be construed as written, it should be amended by the method provided and not by indirection or convenient interpretation. The protection of the citizen guaranteed by this Amendment cannot be impaired by a construction thought necessary to meet the changing demands of law enforcement. I cannot be a party to the repudiation of the authorities cited.

█ These authorities based upon the Fourth Amendment answer the Government argument. A discussion of the new Rules of Criminal Procedure is not necessary.

It follows that the warrant of arrest, and all proceedings taken pursuant thereto, should be and are quashed.

So ordered.