THE PEOPLE OF PUERTO RICO (COMMONWEALTH OF PUERTO RICO), Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, JULIO SUÁREZ GARRIGA, JUDGE, Respondent.

No. 1995. Argued June 1, 1953.—Decided December 18, 1953.

---

502

503

*José Trías Monge, Attorney General, Rafael L. Ydrach Yordán, Assistant Fiscal,* and *Jaime García Blanco, Special Fiscal of the Supreme Court,* for petitioner. *Santos P. Amadeo, Osvaldo Goyco Monagas* and *Antonio J. Amadeo,* for respondent.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On July 10 of last year an assistant prosecuting attorney of the former District Court of Puerto Rico filed an information against Alberto de la Rosa Lafontaine for the crime of mayhem. No bench warrant was issued, either at the time of filing the information or prior thereto, against the accused, due to the fact that he was a military man in active service in the Government of the United States of America. When the case was called for trial on the 30th day of the following September, the prosecuting attorney moved the court to issue, pursuant to the provisions of § 73 of the Code of Criminal Procedure, a bench warrant against the accused, explaining why he had not issued such order in timely fashion, as well as that the accused had been discharged from the Army and, notwithstanding the steps taken by the marshal, he had been unable to locate him and, therefore, to summon him for trial. The presiding judge stated that the court could not issue such bench warrant on the mere filing of an information sworn to and subscribed by the prosecut-

ing attorney, and that according to § 10, paragraph 3, of Article II of the Constitution of the Commonwealth of Puerto Rico, in order for him to issue the desired bench warrant, evidence of the existence of probable cause, supported by oath or affirmation, was necessary. The reconsideration requested by the prosecuting attorney was denied. In order to review the order thus entered, this Court issued a writ of certiorari on February 20 of this year at the request of the People. Petitioner has filed an exhaustive brief. So has respondent. The accused, however, has not appeared, although he was notified through his attorney with a copy of the petition and of the order entered by this Court—Rule 15 (e) of this Court.

The fundamental grounds alleged by petitioner are that the respondent court erred in refusing to issue a bench warrant against the accused despite the information filed against the latter on July 10, 1952 which is included in the record, it being repugnant to the provisions of § 73 of the Code of Criminal Procedure in force; and in requiring the prosecuting attorney to produce evidence of the existence of probable cause in order that the desired bench warrant be issued. And the respondent court alleges that it acted correctly.

■■ Section 73 of the Code of Criminal Procedure—which is at the crux of the the People's argument—provides that "If the facts as stated in the information constitute an offense triable by the court, the court must direct the clerk to issue a bench warrant for the defendant." [1]

If in deciding the question here raised we had to abide solely and exclusively by the provisions of that Section and by other legal precepts in force prior to July 25, 1952, it is undeniable that the prosecuting attorney would be correct and that the judge of respondent court would have been under the obligation to issue the desired bench warrant immediately after the filing of the information charging the

---

[1] It is an admitted fact that the information filed states facts which constitute the offense charged.

commission of the offense in question. However, strictly speaking, that is not the situation here. The question before us must be decided considering not only the context of that Section but also the Constitution of the Commonwealth of Puerto Rico and several legal provisions to which reference will be made in the course of this opinion, passed by our Legislative Assembly to supplement that Section.

From 1902 to July 25, 1952, when the Constitution of the Commonwealth of Puerto Rico went into effect, prosecuting attorneys were magistrates with power to issue a warrant for the arrest of a person charged with a public offense—§ § 12 and 13 of the Code of Criminal Procedure.[2] According to § 3 of that Code *"Every offense* of which the district court has original jurisdiction *must be prosecuted by information filed by the prosecuting attorney, in open court, verified by his affidavit, which shall be sufficient if* it states that the information is based upon the testimony of witnesses, sworn before him, or upon the testimony of witnesses taken before an examining magistrate, and that *he solemnly believes that there is just cause for filing the information.* . . ."* (Italics ours.) According to § 44a of the same Code, before it was amended by Act No. 22 of July 24, 1952 (Spec. Sess. Laws, p. 92), "In all warrants of arrest the amount of bail shall be fixed and *said bail may be* taken and *admitted by any* judge, *prosecuting attorney,* or clerk of court." (Italics ours.) After providing substantially the manner in which every information must be filed, § 72 provides that the same shall be filed by the prosecuting attorney who shall make an oath certifying that the infor-

---

[2] According to § 12 of the Code of Criminal Procedure, "A magistrate is an officer having power to issue a warrant for the arrest of a person charged with a public offense."

In accordance with § 13 of the same Code, "The following persons *are magistrates:*

"(1) The justices of the Supreme Court.

"(2) The judges of the district court.

"(3) Justices of the peace.

"(4) Prosecuting attorneys." (Italics ours.)

mation is based upon the sworn testimony of witnesses examined before him, and that he *solemnly believes that there is just cause for the filing of the information.* Section 95 provides that "The prosecuting attorney is a public prosecutor for the judicial district in which he is appointed. . . ." Section 97 provides that *"The prosecuting attorney shall have power to issue warrants of arrest* `...`" (Italics ours.) Section 98 provides that in all cases in which justices of the peace have no jurisdiction, and if sufficient evidence is produced that a felony has been committed, "and that there exists probable cause as to guilt of the defendant he shall file an information as provided by law." Section 99 provides that "If after hearing the testimony it appears . . . that there is not *sufficient cause* to believe the defendant guilty, the prosecuting attorney must order that the defendant be discharged, . . ." and § 100 (before being amended by Act No. 22 of 1952, *supra*) that *"If,* however, *it appears from the examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, the prosecuting attorney shall order the arrest of the defendant by issuing a warrant therefor."* (Italics ours.) It is therefore evident from the foregoing legal precepts that the prosecuting attorney acted as a magistrate up to that date (July 25, 1952), with full power to issue warrants of arrest and to fix bail, provided there was in his opinion probable or sufficient cause to charge a person with the commission of an offense. *Jiménez* v. *González,* 71 P.R.R. 110, 113; *cf. Ex parte Vilar,* 17 P.R.R. 809. Furthermore, if the defendant had not been apprehended by virtue of a warrant of arrest issued by the prosecuting attorney, it was the duty of the court to direct the clerk to issue a bench warrant for defendant as soon as the prosecuting attorney filed in open court an information charging him with a public offense. This was so because the prosecuting attorney partook of a dual character, that is, he discharged executive as well as judicial functions. In the exercise of

the latter, the law vested him with power to weigh the statements of the witnesses made before the justice of the peace, the municipal judge or before the prosecuting attorney himself, and to reach the conclusion as to whether, after weighing them, there existed probable cause to prosecute a defendant. Once this was determined by the prosecuting attorney, upon filing the information in open court without the previous issuance of a bench warrant for the defendant, it was unnecessary for the court to redetermine the existence of probable cause—this had already been done by the prosecuting attorney, who was a magistrate—and it was the duty (of the court) to issue the corresponding bench warrant as a matter of routine. The procedure thus followed did not in any way violate the provisions of paragraph 14, § 2 of the Organic Act of March 2, 1917 which was then in force in Puerto Rico.[3]   39 Stat. 951; 48 U.S.C.A. 227.

■■ However, the situation has changed since July 25, 1952. On the one hand, the Constitution of the Commonwealth of Puerto Rico, which took effect as of that date, provides in paragraph 3, § 10 of Article II (Bill of Rights) that: *"No warrant for arrest or search and seizure shall issue except by judicial authority and only upon probable cause supported by oath or affirmation,* and particularly describing the place to be searched and the persons to be arrested or the things to be seized." (Italics ours.) And on the other hand, in harmony with § 1 of Article V (the Judiciary), "The judicial power of Puerto Rico shall be vested in the Supreme Court and in such other courts as may be established by law." It appears from the foregoing constitutional provisions that at the present time warrants such as the one here sought may be issued only "by judicial author-

---

[3] Paragraph 14 of § 2 of the Organic Act of March 2, 1917, which was in force in Puerto Rico until July 25, 1952, on which date the present Constitution went into effect, provided:

"That no warrant for arrest or search shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."

ity," and that the "judicial power" is vested in this Supreme Court and in such other courts as may be established by law.[4]

It must necessarily be admitted that the Fourth Amendment to the Constitution of the United States of America is substantially the same as paragraph 3, § 10 of Article II of our Constitution, *supra*. This amendment provides that "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and *no Warrants shall issue, but upon probable cause*, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." (Italics ours.) It is also a fact that in construing the precepts of that constitutional amendment, it has been held that a court is without discretion to refuse to issue a bench warrant upon an indictment, for such indictment conclusively determines the existence of probable cause. *Ex parte United States*, 287 U. S. 241. This conclusion is based on the consideration that proceedings before a grand jury constitute a judicial inquiry.[5] *Cobbledick* v. *United States*, 309 U. S. 323, 327. See also

---

[4] According to Act No. 11 of July 24, 1952 (Spec. Sess. Laws, p. 30) "The judicial power of the Commonwealth of Puerto Rico shall be vested in a single unified judicial system for purposes of jurisdiction, operation and administration, consisting of the Supreme Court as the court of last resort, and the Court of First Instance, which together shall constitute the General Court of Justice."

Section 9 of the same Act provides that "The Court of First Instance shall consist of two divisions, a division to be known as the Superior Court and a division to be known as the District Court, . . ." each division being a court of record.

Section 21 of that law creates the office of Justice of the Peace, and § 22 provides that "The Justices of the Peace shall exercise all functions and powers of judicial authority exercised by the Justices of the Peace at the time this Act takes effect, including the function and power to fix and accept bails and to issue warrants for arrest and for search and seizure in appropriate instances as established by law, . . ."

[5] See Act No. 58 of June 18, 1919 (Sess. Laws, p. 302) "Establishing the Grand Jury in Puerto Rico," as amended by Act No. 98 of August 28, 1925 (Sess. Laws, p. 788).

*State* v. *Crowder*, 136 S. E. 337; *State* v. *Burney*, 84 S. W. 2d 659, 664; *Ex parte Kennedy*, 33 S. W 2d 443; 38 C.J.S. p. 980, § 1; *cf. In re Bruns*, 15 Cal. App. 2d 1. A similar conclusion has been reached where an information has been preceded by an investigation by a judge and the predetermination by the latter of probable cause—see authorities above cited—. It has also been held that a bench warrant can be issued only when probable cause is shown—*Hughes* v. *Gault*, 271 U. S. 142—that the determination of probable cause for the issuance of a bench warrant is a judicial function, that such warrant will not be issued in pursuance of an affidavit in which it is stated that the facts therein set forth are known to affiant "on information and belief" — *United States* v. *Michalski*, 265 Fed. 839; *Johnston* v. *United States*, 87 Fed. 187; *United States* v. *Tureaud*, 20 Fed. 621; *Cyclopedia of Federal Procedure*, Vol. 11, 3d ed., p. 347, § 42.15—and that the affidavit which shall be the basis for the issuance of a bench warrant must state facts within the knowledge of affiant. *United States* v. *Kennedy*, 5 F.R.D. 310.

In *Albrecht* v. *United States*, 273 U. S. 1, 71 L. Ed. 505, cited by the parties, Albrecht and others were sentenced for violation of the National Prohibition Act. They were arrested by virtue of a bench warrant issued by the court. When they were brought into court, each gave bond. At the time of giving the bond, no objection was made to either the jurisdiction of the court or the service by execution of the warrant. On a later day, they filed a motion alleging that the court was without jurisdiction. The main ground was that the information had not been verified by the prosecuting attorney and that the annexed affidavits had been sworn to before a notary public, an official not authorized to administer oaths in criminal proceedings. With leave of court, new oaths and additional affidavits were sworn to before the deputy clerk. Thereupon the defendants challenged the information and the warrant on the same grounds.

Their motion having been denied, they were tried, with the result stated, and on appeal the Supreme Court of the United States stated as follows:

"As the affidavits on which the warrant issued had not been properly verified, the arrest was in violation of the clause in the Fourth Amendment which declares that 'no warrants shall issue but upon probable cause, supported by oath or affirmation.' See *Ex parte Burford,* 3 Cranch 448, 453; *United States* v. *Michalski,* 265 Fed. 839. But it does not follow that because the arrest was illegal, the information was or became void."

In reply to the contention that the information was not presented on the official oath of the federal prosecuting attorney, and that instead the court was given to understand that the same was based upon the affidavits in question, the Supreme Court of the nation further stated:

"The reference to the affidavits in this information is not to be read as indicating that it was presented otherwise than upon the oath of office of the United States Attorney. The affidavits were doubtless referred to in the information, not as furnishing probable cause for the prosecution, but because it was proposed to use the information and affidavits annexed as the basis for an application for a warrant of arrest. . . . The fact that the information and affidavits were used as a basis for the application for a warrant did not affect the validity of the information as such. . . ."

In our opinion, the solution of the question before us is not difficult not only because of the wording of the above-quoted provisions of the Constitution of the Commonwealth of Puerto Rico, but also because of the wording of the law cited above and the conclusive and concise manner in which the "Bill of Rights Committee" expressed itself in connection with the third paragraph of § 10, Article II of our Constitution, in its report to the Constitutional Convention. The report reads in its pertinent part as follows:

"The express language of this provision limits the authority for issuing warrants for arrest and search to the 'judicial power.' This term is employed for the express purpose of de-

priving the prosecuting attorneys of the power which they now exercise to issue bench warrants, which power entails the determination of probable cause and the fixing and approving of bonds. They have not enjoyed the power to order searches and seizures. If they had had that power, the language we are now using would also have the effect of depriving them of such power.

"We feel that to vest the prosecuting attorneys with the capacity of magistrates, as does § 13 of the Code of Criminal Procedure in force, or with the power to order arrests and the consequent power to determine the existence of probable cause, as does § 97 of the same Code, contravenes the good functioning of justice under a government composed of three (3) separate powers. The prosecuting attorney not being properly a part of the judicial power but an attorney of the executive branch, should not assume judicial functions. From the confusion created in our Organic Act by the extent of judicial power conferred thereby to the Office of the Attorney General, it is understandable that the practice which we propose to amend should have developed among us. Now that we are drawing up our own Constitution, we believe it is particularly wise to constitutionally make the proper modification.

"We know that the proposed system will entail practical difficulties at the outset. Our penal organization rests on the basis that the prosecuting attorney may determine the existence of probable cause and order arrests and fix and approve bails. However, the difficulties which may be encountered at the beginning will be offset when more purity and guaranties in criminal proceedings are, and will be, ultimately achieved." [6]

---

[6] In the discussion of § 10, Article II of our Constitution appearing in "Notes and Comments on the Constitution of the Commonwealth of Puerto Rico," Washington, D. C., March 1952, it is said:

"The provision that no warrant for arrest or search and seizure shall be issued except by judicial authority aims to clarify present legal practice in Puerto Rico and to take away from prosecuting attorneys the authority which they have exercised under law to issue warrants for arrest. Under local criminal practice the warrants for searches and for seizures could be issued by judges only, while warrants for arrest could be issued also by prosecuting attorneys. The express language of this provision, as well as the debates relative to it, makes it clear that once the Constitution is approved, the sole authority for issuing warrants of arrests, searches or seizures will rest with the judiciary."

512

Consequently, it is clear that the purpose is to deprive the prosecuting attorneys of the power to issue bench warrants, as well as that the magistrate is the person called upon to determine the existence of probable cause "supported on oath or affirmation," and that the mere filing by the prosecuting attorney of an information charging the commission of a public offense is insufficient.

■ However, if this were not enough to conclude that the mere filing by the prosecuting attorney of a verified information is not sufficient for the judge to issue, on that fact alone, a bench warrant, it should suffice to note that Act No. 22 of July 24, 1952 (Spec. Sess. Laws, p. 93) amended §§ 13, 44a, and 100 of the Code of Criminal Procedure, and that in view of those amendments we must necessarily conclude that the bench warrant should not issue. The latter is the Act to which reference has already been made, which implements these provisions of our Constitution. The amendment to § 13 of the Code consisted in the elimination of prosecuting attorneys as magistrates; the amendment to § 44a in the elimination of the "prosecuting attorney" as the person before whom bail may be taken and admitted; and the amendment to § 100 in the substitution of the words "the prosecuting attorney shall submit to a magistrate evidence of the probable cause of the commission of a public offense by the defendant, and if the magistrate considers that there is probable cause, he shall issue the warrant for the arrest of defendant," [7] for the words "the prosecuting attorney shall order the arrest of the defendant by issuing a warrant therefor" which appeared in the latter Section, in force since 1902.

---

[7] Sections 13, 44(a), and 100 of the Code of Criminal Procedure, as amended by Act No. 22 of July 24, 1952, page 92, read verbatim as follows:

"Section 13.—Magistrates are: the Justices of the Supreme Court, the judges of all other courts established by law, and the justices of the peace.

"Section 44(a).—In all warrants of arrest the amount of bail shall

Act No. 22 of 1952, *supra*, also amended § 74 of the Code of Criminal Procedure. This Section reads now as follows:

"Section 74.—The clerk shall, on the order of a judge of the court, whether the court be in session or not, issue a bench warrant under his signature and the seal of the court for the arrest of the defendant as a result of the filing of the information."

The context of this Section should be harmonized with the intent of the legislature in amending all the Sections of the Code of Criminal Procedure to which reference is made in the latter Act. The report of the Juridico-Penal Committee of the House of Representatives clearly reveals such an intent. It was none other than to deprive the prosecuting attorneys of the authority which they exercised to issue warrants for arrest and to fix and accept bail. That report reads thus:

"The purpose of this bill is to provide, in pursuance of our Constitution, that the prosecuting attorneys shall not be a part of the organization of the courts of Puerto Rico, that is, in the past the prosecuting attorney could order the arrest of a person. By this bill he is deprived of that power. The prosecuting attorney could fix the bail required of any person. That power is also taken away from him. The prosecuting attorney could also direct or issue an order to release a prisoner under the authority vested in him by law. By this bill he is deprived of that power, since under our Constitution he can not be vested with such powers."

Section 74, as amended, can not be construed to mean that the judge of the court shall, upon the filing of an informa-

---

be fixed and said bail may be taken and admitted by any judge or clerk of the court, or by a justice of the peace.

"Section 100.—If, however, it appears from the examination of the witnesses that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, the prosecuting attorney shall submit to a magistrate evidence of the probable cause of the commission of a public offense by the defendant, and if the magistrate considers that there is probable cause, he shall issue a warrant for the arrest of the defendant."

tion, direct the clerk to issue "a bench warrant for the arrest of the defendant" without the need to show the existence of probable cause. Such a construction would not be in harmony with the legislative intent in amending the Sections mentioned in Act No. 22, *supra*. Since that construction would also be tantamount to a denial of the constitutional guaranty under consideration, we can not adopt it. We must be consistent with the universally accepted rule that whenever possible statutes should be given an interpretation compatible with their constitutionality. Therefore, it must be held that the phrase "as a result of the filing of the information" neither authorizes nor compels the judge to automatically issue an order to the clerk for defendant's arrest merely because an information has been filed against him. As in the cases where no information has been filed, —in which the judge may order the arrest of defendant only upon determining the existence of probable cause—if the information has already been filed, the judge may issue an order to the clerk only after determining the existence of probable cause.

◼ Having examined the language employed in the above-cited Sections, especially § 100, in the light of the wording of the third paragraph of § 10 of Article II of our Constitution, the report of the Bill of Rights Committee of the Constitutional Convention, and the report of the Juridico-Penal Committee of the House of Representatives quoted above, the solution of the question in hand does not seem very difficult. The context of § 100, *supra*, to the effect that *"If, however, it appears from the examination of the witnesses that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, the prosecuting attorney shall submit to a magistrate evidence of the probable cause of the commission of a public offense by the defendant, and if the magistrate considers that there is probable cause, he shall issue a warrant for the defendant"* (italics ours), can lead but to only one interpretation: If

after investigation of an offense the prosecuting attorney comes to the conclusion that there is sufficient cause to believe that the defendant is guilty of the commission of that offense —§ 13, *supra*, enumerates the offenses—it is his duty to submit to the magistrate evidence of probable cause of the commission of such public offense, the magistrate being the only officer empowered by the Constitution and the law to determine whether there exists probable cause to justify the issuance by the magistrate of a bench warrant. The prosecuting attorney has been deprived of that power. The prosecuting attorney shall submit to the magistrate evidence of probable cause of the commission of a public offense by oath or affirmation which might lead the magistrate to believe that defendant has committed the offense charged, a hearing being unnecessary in such case. *Cf. Guadalupe* v. *Bravo, Warden*, 71 P.R.R. 913. Although the prosecuting attorney is at present without power to issue warrants of arrest or to fix and accept bail, he still has power to file informations if "he solemnly believes there exists just cause for the filing of this information" —§ § 3, 72, 95 and 98 of the Code of Criminal Procedure—since the constitutional provision under consideration does not purport to limit such power.

Section 73 of the Code of Criminal Procedure is absolutely ineffective at present, since it has been replaced *ipso jure* by the precept of our Constitution to which reference was previously made.

We should not conclude, after the Constituent Assembly and the legislature expressed themselves in the terms appearing in the third paragraph of § 10 of Article II of our Constitution and in the Sections of the Code of Criminal Procedure which have been quoted above, as amended by Act No. 22 of 1952, *supra*, that the purpose of the former as well as of the latter was to permit the continuation of the old practice whereby, by the mere filing of an information by the prosecuting attorney, the judge is required to issue a bench warrant without his being furnished evidence of proba-

516

ble cause, supported by oath or affirmation. It is not to be presumed that the Constituent Assembly intended to do a futile thing, nor that the words employed in the quoted paragraph of § 10 of Article II are a dead letter. Effect should be given to manifest intention, accomplishing its purpose— *cf. Standard Oil Co. v. State*, 118 So. 281; *Fulghum v. Bleakley*, 181 S. E. 30; *Mabie v. Fuller*, 174 N. E. 450; *Sutherland, Statutory Construction*, 3d ed., p. 327, § 4510—which, as already stated, was none other than to deprive the prosecuting attorneys of the powers already enumerated and to limit the exercise of such powers to the judiciary, upon a showing of probable cause. That was the purpose of the Legislative Assembly in amending the aforesaid Sections.

The fact that the offense charged was committed on May 4, 1952 and that the information was filed on the 10th day of the following July, that is, before the Constitution of the Commonwealth of Puerto Rico and the amendment to § § 13, 44(a), 74 and 100 of the Code of Criminal Procedure [8] took effect, does not change the situation. The prosecuting attorney, as stated before, had power to issue the warrant of arrest before July 25, 1952, on which date the situation changed. On September 12, 1952, when the case was set for trial and the court was requested to issue a bench warrant, it was the duty of the court to act in harmony with the law in force on that date. There is no such thing as a vested right to a particular remedy—*People v. Campbell*, 59 Cal. 243, 246—so that the fact that both the commission of the offense and the filing of the information took place prior to the last two mentioned dates, did not in any way vest the prosecuting attorney with the right to apply exclusively the legal precepts in force before July 25 in connection with the bench warrant sought. Adjective laws are applicable to pending actions and proceedings, notwithstanding the fact they do not expressly provide that they shall have

---

[8] Act No. 22 of July 24, 1952 took effect the same day as the Constitution of the Commonwealth of Puerto Rico—July 25, 1952.

retroactive effect, provided, of course, they do not prejudice the substantial rights of the defendant. *Beazell* v. *Ohio*, 269 U. S. 167, 70 L. Ed. 216; *Voorhees* v. *Cox*, 140 F. 2d 132; 16 C.J.S. 896, § 445; *Cooley's Constitutional Limitations*, Vol. 2, 8th ed., p. 789. The fact that the prosecuting attorney is required, upon filing an information, to prove to the magistrate the existence of probable cause in order that the latter may issue a bench warrant, does not prejudice such rights.

The respondent court having acted correctly in refusing to issue the bench warrant sought, the writ issued is discharged.