UNITED STATES of America,
Appellant,

v.

Francis I. HUGHES, Appellee.

No. 13953.

United States Court of Appeals
Third Circuit.

Argued Oct. 15, 1962.

Decided Dec. 7, 1962.

Samuel J. Reich, Asst. U. S. Atty., Pittsburgh, Pa. (Joseph S. Ammerman, U. S. Atty., Pittsburgh, Pa., on the brief), for appellant.

Barney Phillips, Pittsburgh, Pa., for appellee.

Before McLAUGHLIN and HASTIE, Circuit Judges, and DUMBAULD, District Judge.

McLAUGHLIN, Circuit Judge.

The Government, within its right under the Criminal Appeals Act, 18 U.S. C. § 3731, appeals the legality of the district court order quashing the prosecution and information in this matter.

Special Agents of the Internal Revenue Service, acting under the authority of a search warrant, entered certain premises in Pittsburgh, Pennsylvania which were being used for the operation of a wagering business. Appellee, unknown to the agents on that date (June 29, 1961), followed them into the place, stated he was in charge and accepted service of the search warrant. The search revealed diverse gambling devices which were taken by the agents. The latter also arrested appellee, bringing him forthwith before a United States Commissioner. Appellee waived hearing and was released on bail. An information was filed against him which charged him with violations of the Federal Wagering Tax Statutes. Thereafter he pleaded not guilty and filed a petition to suppress evidence. There was a hearing on the petition at which it was stressed that the arrest had been made without a warrant. The court, holding there was no probable cause shown "to make the arrest legal", ordered that "the prosecution in this case and especially the information founded upon the illegal arrest must be quashed, and it is so ordered, and the defendant, Francis I. Hughes is discharged from custody and bail."

No point is raised at this time by appellant with respect to the illegality of the arrest, though within the undisputed facts there may be a question as to this. What is disputed is the court's authority to quash the prosecution and information against the defendant because of his arrest. Appellant urges that the status of the arrest does not affect the validity of the information, arguing that, assuming the arrest to have been illegal, the court is not thereby ousted of juris-

diction to try defendant for the criminal offenses stated in the information.

█ This matter was actually before the district court on a petition to suppress evidence. Aside from that, and accepting for the purposes of this appeal the unjustifiability of the arrest, the latter is no bar to the filing of an information thereafter. As defined by Rule 7, F.R. C.P., an information "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." And, commands the rule, "It shall be signed by the attorney for the government." Appellee does not attempt to controvert the government contention, as he states it, " * * * that the legality or illegality of an arrest does not affect the validity of a subsequent information and that an illegal arrest of a defendant does not deprive the court of jurisdiction to try him for a criminal offense." However, appellee insists that " * * * any subsequent information filed by the United States Attorney must be in conformity with the Fourth Amendment which provides that no warrant shall issue but on probable cause supported by oath or affirmation, and it has been held that an information cannot be filed by the United States Attorney without leave of court and must be based upon affidavit as to probable cause. See Albrecht v. U. S., 273 U.S. 1 [47 S.Ct. 250, 71 L.Ed. 505]."

The Albrecht decision was in 1926. The Federal Rules of Criminal Procedure were adopted in 1941. They have the force of a statute and all prior conflicting statutes, rules and decisions must give way. Rule 1 leaves no doubt regarding this. It reads "These rules govern the procedure in the courts of the United States and before United States commissioners in all criminal proceedings, with the exceptions stated in Rule 54." (not applicable here). Rule 7(a) specifically states:

"An information may be filed without leave of court."

See United States v. Hearne, 6 F.R.D. 294 (D.C.Wis.1946); United States v. Kennedy, 5 F.R.D. 310 (D.C.Colo.1946).

And a defendant may be charged and tried for misdemeanor on an information not verified or supported by affidavit. This again is the letter and spirit of Rule 7 which as above quoted, after defining an information, names as its one further requisite that "It shall be signed by the attorney for the government." Chief Judge Major in United States v. Grady, 185 F.2d 273, 275 (7 Cir. 1950), as quoted with approval in United States v. Pickard, 207 F.2d 472, 475 (9 Cir. 1953), concisely defined the Criminal Rules position with reference to the non necessity of either obtaining leave of court or verifying an information saying:

"Whatever might have been the rule prior to the adoption of the Federal Rules of Criminal Procedure, 18 U.S.C.A., it seems plain by Rule 7(a) that an information need not be verified by affidavit, and it 'may be filed without leave of court.' And by Rule 9(a), it seems equally plain that an information need be supported by an oath only when there is a request by the government attorney for the issuance of a warrant, and in the absence of such oath only a summons will issue requiring the defendant to appear. Therefore, there is no basis for the argument that the affidavit [is] * * * either a part of the information or a requisite to its validity. Its sole purpose [is] to enable the government to obtain the issuance of a warrant."

Because there was no warrant of arrest at all in the present instance, defendant could take advantage of the situation by endeavoring to secure his release from custody but as said in Christian v. United States, 8 F.2d 732, 733 (5 Cir. 1925), "Whether the defendant is properly in custody is a matter which does not affect the information."

Appellee's remaining citations deal with attempted curing of an illegal arrest and the effect of waiving preliminary examination on a defendant's right to contest the warrant of arrest. Neither of these issues is before us on this appeal. The charge in the information

against appellee has no dependence upon his arrest or what transpired at the preliminary hearing.

The order of the district court will be reversed and the case remanded with instruction to reinstate the information against the defendant and for proceedings thereafter not inconsistent with this opinion.