## Commonwealth ex rel. Gordy, Appellant, *v.* Lyons.

Argued January 8, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*F. M. Jackson,* with him *S. Allen Needleman* and *Isadore A. Shrager,* for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, April 23, 1969:

On November 8, 1967, Dennis Ball, who was eighteen years of age, was shot to death on a street in Philadelphia. Demetrius Gordy, the appellant, was taken into police custody and charged with commission of the crime. On January 25, 1968, Gordy was given a hearing before a juvenile court judge, sitting as a committing magistrate, who directed that Gordy be continued in custody without bail to await action by the grand jury. Gordy filed a petition for habeas corpus in the Court of Common Pleas challenging the lawfulness of his detention on the ground that the evidence presented by the Commonwealth before the committing magistrate was insufficient, as a matter of law, to establish a prima facie case. A hearing[1] was held on this petition on February 27, 1968. The court denied habeas corpus relief and Gordy remained in custody. On March 5, 1968, the case was presented to the grand jury and Gordy was indicted for the murder of Ball. On April 1, 1968, Gordy filed an appeal in this Court from the order of the Court of Common Pleas dismissing his action of habeas corpus. The appeal will be quashed.

---

[1] No additional testimony was introduced at this hearing. It was agreed that the recorded notes of the testimony taken before the committing magistrate would constitute the record in the habeas corpus action.

It has been established by a large number of appellate court decisions in this state that an appeal does not lie from the order here involved. This is so because the order is interlocutory in nature and has not been made appealable by statute. *Commonwealth ex rel. Fisher v. Stitzel*, 418 Pa. 356, 211 A. 2d 457 (1965); *Commonwealth ex rel. Tiller v. Dye*, 177 Pa. Superior Ct. 388, 110 A. 2d 748 (1955); and *Commonwealth ex rel. DiDio v. Baldi*, 176 Pa. Superior Ct. 119, 106 A. 2d 910 (1954).

It is, therefore, unnecessary to reach the question of whether or not the order appealed from is now moot, because Gordy is presently detained as a result of the grand jury indictment rather than the order of commitment by the committing magistrate.

Appeal quashed.

Mr. Justice ROBERTS would quash the appeal solely on the ground of mootness.