Commonwealth ex rel. Boatwright, Appellant, *v.* Hendrick.

Argued May 1, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Bernard L. Segal,* with him *Needleman, Needleman, Segal & Tabb,* for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 9, 1970:

This is an appeal from the Order of the Philadelphia Court of Common Pleas, Trial Division, Criminal Section, dismissing defendant's pre-trial petition for a writ of habeas corpus.

The defendant, Richard Boatwright, was arrested at about midnight on December 3, 1968, and charged with the murder of Adolph Keys. The killing occurred at about 5:00 P.M. on the afternoon of that day. Defendant was given a preliminary hearing before a magistrate in the Municipal Court of Philadelphia on January 8, 1969, at which time he was held without bail for the action of the grand jury.

The Commonwealth proved at the hearing before the committing magistrate that the decedent was pronounced dead in the Presbyterian Hospital of Philadelphia at 5:15 P.M. on December 3, 1968, and the cause of death was gunshot wounds. A witness, Edwin Hawkins, testified that he, in the company of the defendant and an unidentified third party, were returning to Philadelphia from a hunting trip on December 3, 1968. Each of the three had his own shotgun. They arrived in the city after 4:00 P.M., with the defendant driving Hawkins' car, while Hawkins dozed in the front seat. The car stopped at 40th Street and Lancaster Avenue, where the third man left the car. The car continued for a while and then came to a stop. Hawkins testified that he was awakened by a loud noise near him and that defendant was looking back over his shoulder, out the window, and said: "There goes that - - - that hit me and tried to rob me." Hawkins asked what the noise was and defendant replied: "You tell me."

A second witness, Marvin McFarland, testified that at approximately 5:00 P.M. on the day of the shooting, defendant pulled alongside him at the corner of 36th Street and Haverford Avenue in a green car. Defendant, who knew McFarland, asked him: "Where is Adolph?" Defendant then picked up a single barrel shotgun lying on the front seat with a shell in the chamber and told McFarland: "When you see Adolph, tell him I'm looking for him." McFarland understood that defendant was referring to the decedent, Adolph Keys. At the conclusion of this evidence, the Municipal Court Judge held the defendant for the action of the grand jury.

On February 4, 1969, defendant filed a writ of habeas corpus seeking (1) an absolute release on the ground that the Commonwealth failed to establish at the preliminary hearing a prima facie case of murder, and (2) a release on bail. After a hearing before the Common Pleas Court on February 14, 1969, defendant's petition was dismissed. From this dismissal, defendant took the present appeal. In this appeal, defendant abandoned his appeal for a release on bail.

Two days before this appeal was filed, defendant was indicted by the grand jury on counts of voluntary manslaughter, murder and involuntary manslaughter. Although it does not appear in the record, both parties agreed at the oral argument before this Court that they had agreed, after the habeas corpus hearing in the lower Court, that no indictment would be submitted to the grand jury until after the appeal of the defendant to this Court had been decided. We shall, therefore, consider this appeal as if it were taken before, and without any grand jury indictment.

In cases involving criminal proceedings, an Order by a Judge of the Court of Common Pleas, denying, before indictment, a writ of habeas corpus where the ground of appeal is the lack of adequate evidence to

establish a prima facie case of crime by the accused, is interlocutory and unappealable and must be quashed: *Commonwealth ex rel. Gordy v. Lyons,* 434 Pa. 165, 252 A. 2d 197; *Commonwealth ex rel. Bittner v. Price,* 428 Pa. 5, 235 A. 2d 357; *Commonwealth ex rel. Fisher v. Stitzel,* 418 Pa. 356, 211 A. 2d 457; in the absence of exceptional circumstances (as, for example, cases involving great public interest or the safeguarding of basic human rights, *Commonwealth v. Kilgallen,* 379 Pa. 315, 108 A. 2d 780; *Commonwealth v. Byrd,* 421 Pa. 513, 219 A. 2d 293, cert. denied, 385 U.S. 886); or, unless expressly made so by statute, *Commonwealth v. Pollick,* 420 Pa. 61, 215 A. 2d 904; *Commonwealth v. Wright,* 383 Pa. 532, 119 A. 2d 492; or a challenge to appellant's custody on grounds of lack of jurisdiction, *Commonwealth ex rel. DiDio v. Baldi,* 176 Pa. Superior Ct. 119, 106 A. 2d 910; *Commonwealth ex rel. Nichols v. Hendrick,* 197 Pa. Superior Ct. 646, 180 A. 2d 88.

Appeal quashed.

Mr. Justice ROBERTS would dismiss the appeal as moot because the defendant has been indicted. Cf. *Commonwealth ex rel. Bittner v. Price,* 428 Pa. 5, 6-7, 235 A. 2d 357, 358-359 (1967) (concurring Opinion).

Mr. Justice COHEN dissents.