366 A.2d 310

**COMMONWEALTH of Pennsylvania**

v.

**Rodney Anthony LINDSLEY, Jr., Appellant.**

Superior Court of Pennsylvania.

June 28, 1976.

James A. Bartholomew, Asst. Public Defender, Allentown, for appellant.

Howard R. Miller, Asst. Dist. Atty., Allentown, for appellee.

Befor` WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

On November 3, 1974 the defendant was arrested on charges of robbery, criminal conspiracy, terroristic threats, possessing instruments of crime and receiving stolen property. He was arraigned on November 4, 1974 and was given a preliminary hearing on November 27, 1974. On December 19, 1974 he filed a *pro se* writ of habeas corpus raising numerous issues. The writ of habeas corpus was denied by the lower court pursuant to an order dated April 14, 1975. Appellant has appealed to this court from the order denying his writ of habeas corpus, and on June 4, 1975 a motion to stay proceedings

pending appeal was granted by the lower court. In its brief to this court the Commonwealth goes directly to the merits of appellant's issues. We, however, feel that before appellant's issues are addressed a threshold question must be faced. That is whether this appeal should be quashed on the ground that it constitutes an attempt to appeal from an interlocutory order.

Absent exceptional circumstances, statutory authorization,[1] or a challenge to custody on grounds of jurisdiction, a writ of habeas corpus will not lie to challenge the propriety of pre-trial proceedings where, had a direct appeal been taken to challenge such proceedings, it would have been dismissed as interlocutory. As was stated in *Commonwealth v. Myers*, 457 Pa. 317, 320, n. 2, 322 A.2d 131, 133 (1974), "While denial of habeas corpus is generally reviewable, Act of May 25, 1951, P.L. 415, § 7, 12 P.S. § 1907, it cannot be used to circumvent normal appellate procedures." See also *Commonwealth ex rel. Austin v. Hendrick*, 440 Pa. 236, 269 A.2d 750 (1970); *Commonwealth ex rel. Riggins v. Supt. of Phila. Prisons*, 438 Pa. 160, 263 A.2d 754 (1970); *Commonwealth ex rel. Boatwright*, 436 Pa. 336, 260 A.2d 763 (1970); *Commonwealth ex rel. Gordy v. Lyons*, 434 Pa. 165, 252 A.2d 197 (1969); *Commonwealth ex rel. Bittner v. Price*, 428 Pa. 5, 235 A.2d 357 (1967); *Commonwealth ex rel. Fisher v. Stitzel*, 418 P. 356, 211 A.2d 457 (1965); *Commonwealth ex rel. Tabb v. Youth Study Center Superintendent*, 407 Pa. 466, 183 A.2d 317 (1962). In that the instant case presents neither exceptional circumstances, statutory authorization, nor a jurisdictional challenge, the appeal must therefore be quashed.

Appeal quashed.

1. It should be noted that the Act of May 25, 1951, P.L. 415, § 7, as amended by Act of June 3, 1971, P.L. 143, No. 6, § 1 (§ 509(a) (149)), 12 P.S. § 1907, does not constitute statutory authorization. *Commonwealth v. Myers*, 457 Pa. 317, 320, n. 2, 322 A.2d 131 (1974) and *Commonwealth ex rel. Tiller v. Dye*, 177 Pa.Super. 388, 110 A.2d 748 (1955).