468 A.2d 1129

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Steven SMERECHENSKI.**

Superior Court of Pennsylvania.

Submitted May 18, 1983.

Filed Dec. 16, 1983.

Marianne E. Cox, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Dennis J. Cogan, Philadelphia, for appellee.

Before HESTER, BROSKY and BECK, JJ.

BECK, Judge:

The Commonwealth appeals an order granting appellee's motion to quash the return of the Municipal Court transcript.

Appellee Steven Smerechenski was charged with involuntary manslaughter, murder, and possession of an instrument of crime arising out of the shooting death of his son Steven on November 27, 1980, inside the family residence. The deceased was nineteen years of age and a member of the armed forces at the time of the incident. The only witness to the shooting was Nancy Smerechenski, wife of appellee and natural mother of the deceased.

Prior to the preliminary hearing a Philadelphia Municipal Court judge ruled that Nancy Smerechenski was competent to testify against her husband at a preliminary hearing. After the preliminary hearing, appellee was held for court. Appellee then filed a motion in the Court of Common Pleas to quash the return of the Municipal Court transcript which was granted. The Court of Common Pleas ruled that appellee's wife was not competent to testify against him. Since she was the only witness to testify against him at the preliminary hearing, the Common Pleas Court ruled that a prima facie case had not been made out. It issued appellee's requested order and discharged him.

This appeal by the Commonwealth from the lower court order, which in effect granted habeas corpus relief to appellee, is properly now before us. *Commonwealth v. Hess,* 489 Pa. 580, 414 A.2d 1043 (1980); *Commonwealth ex rel. Bryant v. Hendrick,* 444 Pa. 83, 280 A.2d 110 (1971).

The sole issue for our consideration is whether the nineteen year old decedent was a minor child under Pennsylvania law for purposes of the criminal spousal testimony statute, Section 5913 of the Judicial Code, 42 Pa.C.S. § 5913. We hold that a nineteen year old decedent is a minor making appellee's wife competent to testify against him.

The criminal spousal testimony statute does not provide an absolute bar to adverse spousal testimony in criminal proceedings.[1] It provides in relevant part:

Except as otherwise provided in this subchapter, in a criminal proceeding husband and wife shall not be competent or permitted to testify against each other, *except* that ... in *any criminal proceeding against either for bodily injury or violence attempted, done or threatened* upon the other, or *upon the minor children of said husband and wife,* or the minor children of either of them, or any minor child in their care or custody, or in the

---

**1.** This is in contrast to common law, where one spouse was disqualified from testifying for or against the other. 1 E. Coke, *A Commentarie upon Littleton* 6b (1628). The rationale for the doctrine was two-fold: first, that the accused, as an interested person, was not permitted to testify in his own behalf; second, that the wife did not have a separate legal existence from the husband. *Trammel v. United States,* 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980). The rule of marital incompetency in criminal actions remained unchanged in Pennsylvania until 1887, when favorable spousal testimony, Section 1 of the Act of May 23, 1887, P.L. 158, 19 P.S. § 681, and certain adverse spousal testimony, Section 2(b) of the Act of May 23, 1887, P.L. 158, *as amended,* 19 P.S. § 683, first became admissible. The modern justification for the marital incompetency rule is the preservation of domestic peace, harmony, and the sanctity of marriage. *Trammel; Commonwealth v. Galloway,* 271 Pa.Super. 305, 413 A.2d 418 (1979). For an excellent discussion of spousal testimony in both civil and criminal proceedings in this jurisdiction, see Comment, *Spousal Testimony in Pennsylvania,* 86 Dick.L.Rev. 491 (1982).

care or custody of either of them, each shall be a competent witness against the other. . . .

Section 5913 of the Judicial Code, 42 Pa.C.S. § 5913 (emphasis added).

The basis of this appeal is the interpretation of the words "minor children" in the statute. Appellee claims, and the Common Pleas Court concluded, that the term refers to individuals under the age of eighteen years. The Commonwealth as appellant contends that the legislature intended the age of majority, with respect to the criminal spousal testimony statute, to be twenty-one years. As we are in agreement with appellant, we reverse.

The Commonwealth has not passed a comprehensive Act defining the age of minority. Instead, it has enacted piecemeal legislation specifically providing non-minority status for eighteen year olds for specified purposes.[2] At the same time it has left intact the definition of minority (an individual under twenty-one years) in the Statutory Construction Act of 1972, 1 Pa.C.S. § 1501 *et seq.* Although on policy grounds we see no reason why the legislature has not redefined minority to the younger age, we nevertheless, are bound by the legislature's action.

Since the criminal spousal testimony statute does not itself define "minor children," we must look to the Statutory Construction Act of 1972 for guidance. The Act defines "minor" as "[a]n individual under the age of 21 years."[3]

We are also persuaded by three recent decisions of the Commonwealth Court in which that court interpreted the

---

**2.** For example, the legislature has lowered the voting age to eighteen years. Section 701 of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2811. A person eighteen years of age or older may now make a will. Section 2 of the Probate, Estates and Fiduciaries Code, Act of June 30, 1972, P.L. 508, *as amended,* 20 Pa.C.S.A. § 2501. Similarly, persons over eighteen years of age have the right to enter into binding and legally enforceable contracts. Section 1 of the Act of June 16, 1972, P.L. 472, 73 P.S. § 2021.

**3.** Section 1991 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1991.

word "minor" in the context of other statutes. In *Fink v. Department of Public Welfare*, 44 Pa.Commw. 210, 403 A.2d 214 (1979), *aff'd*, 491 Pa. 415, 421 A.2d 205 (1980), the Commonwealth Court addressed the issue of whether the age of majority for the purpose of receiving public assistance is eighteen or twenty-one years. The statute in question, Section 4(a) of The Support Law, Act of June 24, 1937, P.L. 2045, *as amended*, 62 P.S. § 1974(a), refers to "unemancipated minor children." The word "minor" is not defined in either The Support Law or the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. § 101 *et seq.* The Commonwealth Court, therefore, was guided by Section 1991 of the Statutory Construction Act of 1972 for the definition of "minor."

Similarly, in *Borough of Wilmore v. New*, 54 Pa.Commw. 145, 419 A.2d 1383 (1980), the Commonwealth Court considered Section 307(5) of the Pennsylvania Worker's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 561(5) which includes the term "minor child." The Court again relied on Section 1991 of the Statutory Construction Act of 1972 for the applicable definition of "minor." *See also Mikalonis v. Workmen's Compensation Appeal Board*, 25 Pa.Commw. 166, 361 A.2d 483 (1976) (same).

Further support for our conclusion is drawn from Section 1922(4) of the Statutory Construction Act of 1972 and the Pennsylvania Supreme Court's decision in *Commonwealth ex rel. Barnosky v. Maroney*, 414 Pa. 161, 199 A.2d 424 (1964). Our Supreme Court, in interpreting the predecessor to the criminal spousal testimony statute, Section 2(b) of the Act of May 23, 1887, P.L. 158, *as amended*, 19 P.S. § 683, held that "minor children" referred to individuals under the age of twenty-one years. In that case, a father shot and killed his son, who was over eighteen years of age. The boy's mother was found competent to testify against the father.

Section 1922(4) of the Statutory Construction Act of 1972 mandates that:

6

In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among other, may be used:

... (4) That when a court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject matter intends the same construction to be placed upon such language.

Therefore, it is presumed that in enacting the present criminal spousal testimony statute in 1976 the legislature intended to interpret the word "minor" as an individual under the age of twenty-one years.

For the aforesaid reasons, we reverse the order of the Common Pleas Court.