J-A18017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAHAUN MAURICE JONES | |
| Appellant | No. 1685 WDA 2016 |

Appeal from the Order Entered October 6, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001499-2016

BEFORE:  BOWES, J., LAZARUS, J., and OTT, J.

JUDGMENT ORDER BY LAZARUS, J.:                    **FILED JULY 07, 2017**

Jahaun Maurice Jones appeals from the trial court's order denying his writ of habeas corpus.  On appeal, Jones contends that his due process rights were violated where the Commonwealth was permitted to use only hearsay evidence to establish a *prima facie* case regarding the identity of the criminal suspect at his preliminary hearing.  We affirm.

Initially, we note that "it is firmly established that the denial of a habeas corpus claim, based upon the insufficiency of the evidence presented to the issuing authority, without a showing of exceptional circumstances[,] will not provide a basis for immediate appellate review." ***Commonwealth v. Hess***, 414 A.2d 1043, 1048 (Pa. 1980).  Such interlocutory orders, generally, are not appealable. ***Id.***

Here, Jones avers that exceptional circumstances exist because a challenge to the procedure allowing hearsay evidence alone to establish a *prima facie* case would be capable of repetition and likely to evade review if this Court were to await a final order. **See Commonwealth v. Ricker**, 120 A.3d 349, 354 (Pa. Super. 2015) ("Not only is Appellant's claim capable of evading review, it presents an important constitutional question regarding whether a powerful state governmental entity violates federal and state constitutional principles in allowing a defendant to be restrained of his liberty and bound over for trial based solely on hearsay evidence."). This exact issue, however, has been squarely addressed and rejected in **Commonwealth v. McClelland**, 2017 Pa Super 163 (filed May 26, 2017) (where use of hearsay testimony was sole basis upon which Commonwealth established *prima facie* case at preliminary hearing, defendant's inability to "subject the primary accuser to adversarial examination [did not] violate[] due process"). **Accord Commonwealth v. Dolan**, 2509 EDA 2016 (Pa. Super. filed July --, 2017). **See also Ricker**, **supra** (confrontation clause did not prohibit Commonwealth from establishing *prima facie* case solely through the use of hearsay).

Instantly, the purported error raised is no longer capable of being repeated and evading review, as definitive review has been achieved by this Court. Furthermore, **Ricker**, **Dolan**, and **McClelland** constitute binding precedent on the issues presented, which prevents a finding of exceptional

circumstances such as to warrant immediate review of the instant order. Hence, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2017