J-S45026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HERIBERTO MONTANEZ, JR. | : | |
| | : | |
| Appellant | : | No. 337 MDA 2025 |

Appeal from the PCRA Order Entered February 18, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004793-2020

BEFORE:   STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                **FILED: FEBRUARY 10, 2026**

Heriberto Montanez, Jr. (Appellant), appeals, *pro se*, from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA).  **See** 42 Pa.C.S.A. §§ 9541-9546.  Appellant claims the PCRA court erred by (1) determining he is not entitled to collateral relief, where his trial counsel rendered ineffective assistance; and (2) granting Appellant's court-appointed PCRA counsel leave to withdraw from representation pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We affirm.

This Court previously summarized the factual history in connection with Appellant's direct appeal.  **See Commonwealth v. Montanez**, 296 A.3d 595,

_____

[*] Retired Senior Judge assigned to the Superior Court.

1055 MDA 2022 (Pa. Super. 2023) (unpublished memorandum at 1-4). In short, Appellant sexually assaulted the eight-year-old granddaughter ("the victim" or "Victim") of Appellant's paramour, Dawn S. (Dawn), while the victim and her older brother, K.S. (Brother), were spending the night at Dawn's residence. As we previously explained,

> [w]hile the touching occurred, [the victim, who was sleeping in the same bed next to Brother,] tried to wake Brother by pinching him. Brother[, who testified at Appellant's jury trial,] felt the pinching while he slept but did not fully wake up until Appellant had already left the room. Victim told Brother that Appellant had raped her. ….
>
> Victim and Brother went to get [Dawn] and she ultimately came to their room with Appellant. Victim recalled that Brother told [Dawn] that Victim had a dream of Appellant raping her. Brother recalled that, after being advised of the allegation, it was [Dawn] who stated it must have been a dream.
>
> Regardless of the precise timing of the various statements, Victim testified that she clarified to [Dawn] that it really had happened. In response to this accusation, Appellant responded[,] "why didn't you tell me to stop[?]" Victim explained that she was certain she had not been dreaming because she could feel the assault as it was occurring, and because the next day she experienced bleeding from her "pineapple[," *i.e.*, referring to her genitals.]

*Id.* (unpublished memorandum at 2-3) (citation and brackets omitted).

On November 2, 2020, the Commonwealth charged Appellant, via criminal complaint, with one count each of rape of a child, involuntary deviate sexual intercourse with a child, unlawful contact with a minor, indecent assault of a person less than 13 years of age, and corruption of minors.[1] The matter

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 6318(a), 3126(a)(7), 6301(a)(1)(i).

proceeded to a preliminary hearing on December 2, 2020; Appellant was represented by George Matangos, Esquire (trial counsel). At the preliminary hearing, the Commonwealth presented the victim's prior, out-of-court, audio-recorded statements during a forensic interview. The Magisterial District Judge determined that the Commonwealth had presented a *prima facie* case and bound the case over for court.

Appellant's jury trial occurred on March 7-9, 2022. The victim testified in person on behalf of the Commonwealth. Throughout trial, numerous references were made to the transcript of Appellant's preliminary hearing. *See*, *e.g.*, N.T., 3/7-9/22, at 82-87, 106-16 (trial counsel cross-examining the victim regarding purported inconsistencies between her testimony at trial versus the preliminary hearing).

After the Commonwealth rested its case, the trial court questioned Dawn, who was named on the defense's pre-trial witness list. *Id.* at 322. Dawn briefly stated that she no longer desired to testify at trial. *Id.* The trial court then queried Appellant regarding his position as to Dawn's testimony:

> THE COURT: And you understand, even if [Dawn] doesn't want to testify[, trial counsel] can call her to testify and she must answer.
>
> Do you understand that?
>
> [Appellant]: I understand, Your Honor.
>
> THE COURT: So this is a trial tactic as they call it. …. So you have to decide, are you telling me you're directing your attorney not to call [Dawn]?
>
> [Appellant]: Yes, Your Honor.

*Id.* at 322-23.

The trial court asked trial counsel if he "wished to add" anything. *Id.* at 323. Trial counsel responded, in relevant part, as follows:

> [Trial counsel and Appellant have] had multiple discussions, we just had one before we came back to the court. We spent 15 minutes, [Appellant] and I, and I did point out to him the fact that [Dawn is] an available witness, just as character witnesses would have been ….

*Id.*; *see also id.* (trial counsel clarifying that "no character witnesses were presented to me.").

The defense presented no witnesses. However, upon stipulation of the parties, the trial court played for the jury the victim's complete, audio-recorded preliminary hearing testimony, which was admitted into evidence. *Id.* at 324-26; Defense Exhibit 2. The defense then rested its case. *Id.* at 326. The jury acquitted Appellant of rape of a child and found him guilty of the remaining charges mentioned above. *Id.* at 410-14.

On June 3, 2022, the trial court sentenced Appellant to an aggregate 16 to 32 years' incarceration.[2] Appellant timely filed a post-sentence motion, which the trial court denied.

Appellant filed a direct appeal through new counsel, raising a sole challenge to the jury's verdict as being against the weight of the evidence.

---

[2] After sentencing, trial counsel petitioned for permission to withdraw from representation of Appellant. The trial court granted trial counsel's petition and appointed Appellant new counsel.

This Court rejected Appellant's challenge and affirmed his judgment of sentence. ***Montanez***, 296 A.3d 595 (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Montanez***, 303 A.3d 116 (Pa. 2023).

On September 10, 2024, Appellant timely filed the instant *pro se* PCRA petition,[3] his first.[4] Appellant claimed he was entitled to relief based upon a "violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." PCRA Petition, 9/10/24, at 2; ***see also*** 42 Pa.C.S.A. § 9543(a)(2)(i). Specifically, Appellant asserted that at his preliminary hearing, the Commonwealth improperly based its case upon

---

[3] Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1); ***see also id.*** § 9545(b)(3) (providing a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the … Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Here, Appellant's judgment of sentence became final on November 7, 2023 (*i.e.*, 90 days after our Supreme Court denied his petition for allowance of appeal on August 9, 2023); he timely filed his PCRA petition within one year of that date. ***See*** Notice Pursuant to Pa.R.Crim.P. 907 (Rule 907 Notice), 12/31/24, at 2 n.6 (PCRA court finding that Appellant timely filed his PCRA petition); ***see also*** U.S.Sᴜᴘ.Cᴛ.R. 13 (providing a petition for writ of *certiorari* must be filed within 90 days after the entry of the order denying discretionary review).

[4] We observe that Appellant's PCRA petition is handwritten and that the content of the petition, as well as that of Appellant's other *pro se* filings in the PCRA court, is at times difficult to decipher.

hearsay evidence, in contravention of our Supreme Court's decision in ***Commonwealth v. McClelland***, 233 A.3d 717, 722 (Pa. 2020) (holding hearsay evidence "alone" is not sufficient to establish a *prima facie* case at a preliminary hearing). PCRA Petition, 9/10/24, at 2. Appellant claimed that

> during the … preliminary hearing, … [the victim], via audio recording, testified and characterized the alleged sexual assault as a dream and [said] that she woke (by pinch) [] Brother [], age [] eleven, who was l[]ying next to [the victim] in the same bed, and, while crying, told [Brother that] she had a bad dream, and later that night, [the victim] also told [Dawn] and her mother it was a dream (nightmare). The case should not have been sent to [the] trial court because there was no[t] sufficient evidence to establish a *prima facie* case. The Magisterial District Judge … was legally obligated to dismiss the criminal complaint [based] on obvious grounds of hearsay.

***Id.*** (paragraph numbering and break omitted; some capitalization and punctuation modified). Additionally, Appellant briefly claimed trial counsel rendered ineffective assistance based on, *inter alia*, his failure to (1) call Dawn as a defense witness at trial; and (2) conduct a sufficient pre-trial investigation into the circumstances of Appellant's case. ***Id.*** at 5.

The PCRA court appointed Kristen Weisenberger, Esquire (PCRA counsel), to represent Appellant. PCRA counsel did not file an amended PCRA petition; rather, on December 26, 2024, she filed a petition for permission to withdraw from representation pursuant to ***Turner/Finley***, which we discuss *infra*.

On December 31, 2024, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Appellant's PCRA petition without a hearing. The

PCRA court advised Appellant of the court's determination that his claims

lacked merit, and that he had a right to respond within 20 days of the notice.

Rule 907 Notice, 12/31/24, at 3-4.[5]  The court also granted PCRA counsel's

---

[5] Specifically, the PCRA court reasoned as follows:

> The purpose of the preliminary hearing is not to prove a defendant's guilt.  **Commonwealth v. Tyler**, 587 A.2d 326, 328 (Pa. Super. 1991).  For this reason, a defendant at a preliminary hearing is not entitled to the full panoply of trial rights. **McClelland**, **supra** at 736.  It is also for this reason that "once [an] appellant has gone to trial and been found guilty of the crime, any defect in the preliminary hearing is rendered immaterial." **Tyler**, **supra**.  Applying **Tyler**'s general rule to the **McClelland** issue, the Superior Court has held that "the Supreme Court did not inten[d] to extend **McClelland**'s holding to cases … where the complained-of defect in the preliminary hearing is subsequently cured at trial."  **Commonwealth v. Rivera**, 255 A.3d 497, 502 (Pa. Super. 2021).
>
> The Superior Court recently examined this identical issue within the context of an ineffectiveness claim under the PCRA in **Commonwealth v. Starks**, 311 A.3d 618 (Pa. Super. 2023) (non-precedential decision cited as persuasive authority pursuant to Pa.[]R.A.P. 126(b)).  The Court held that the [PCRA petitioner's] claim of trial counsel's ineffectiveness for failing to challenge the finding of a *prima facie* case at the preliminary hearing on **McClelland** grounds lacked arguable merit because any defect at the preliminary hearing was cured by the conviction at trial.  [**Id.** (unpublished memorandum at 21).]  Although the **Starks** Court focused on the "arguable merit" prong of an ineffectiveness claim, we believe it equally appropriate to focus on the lack of prejudice considering [Appellant's] conviction at trial. Since [Appellant] was, in fact, afforded the "full panoply of trial rights" before the jury that found him guilty, he cannot claim prejudice from anything occurring at his preliminary hearing.

Rule 907 Notice, 12/31/24, at 3-4 (some capitalization modified).

petition to withdraw.[6]  ***Id.*** at 4.  Appellant did not timely respond to the Rule 907 Notice.

By order entered February 18, 2025, the PCRA court dismissed Appellant's PCRA petition.  On February 21, 2025, Appellant filed a *pro se* response objecting to the dismissal.  Three days later, the PCRA court entered an order that "confirmed" the February 18, 2025, dismissal order.  Order, 2/24/25, at 2; ***see also id.*** (PCRA court observing that Appellant's "'objections' are not objections to the 907 Notice but an attempt to raise new claims not previously raised in his initial PCRA Petition.").

Appellant timely filed a *pro se* notice of appeal on March 12, 2025.[7]  The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

---

[6] We note that

> [w]hen counsel has been appointed to represent a petitioner in [PCRA] proceedings as a matter of right under [Pa.R.Crim.P. 904(C),] and when that right has been fully vindicated by counsel being permitted to withdraw under the procedure authorized in **Turner**[/**Finley**], new counsel shall not be appointed and the petitioner, or appellant, must thereafter look to his or her own resources for whatever further proceedings there might be.

***Commonwealth v. Gibson***, 318 A.3d 927, 933 (Pa. Super. 2024) (citation omitted).

[7] On May 20, 2025, this Court dismissed Appellant's appeal based on his failure to file an appellate brief.  Upon Appellant's application, we reinstated the appeal.

On March 19, 2025, the PCRA court issued a brief Memorandum Statement in Lieu of Opinion.[8] Therein, the court stated that the reasons for its dismissal of Appellant's PCRA petition were detailed in the Rule 907 Notice. Memorandum Statement in Lieu of Opinion, 3/19/25.

On appeal, Appellant presents three issues for our review:

1. [W]hether trial counsel was ineffective for failure to raise proper objections and challenges to the Commonwealth's lack of evidence to support (establish) a *prima facie* case at [Appellant's] preliminary hearing?

2. Being that this case was based upon the statements of witnesses [Brother], Dawn, Jameanna [Lyles], Dawn [*sic*], and [the] victim [], who were all interviewed by Detective Jacob Pierce about the alleged sexual assault, was trial counsel ineffective for failing to investigate, interview, and[/]or call witnesses who would have offered evidence or testimony that would have given the jury reasonable doubt against the Commonwealth's case?

3. Did the [PCRA] court err by allowing PCRA counsel to withdraw, forcing Appellant to proceed *pro se*, in spite of the fact that PCRA counsel failed to investigate, interview, and[/]or call witness Dawn [], who would have offered evidence or testimony in the [A]ppellant's defense, and shown trial counsel[']s ineffectiveness, and that the lower court[']s decision to all[ow] counsel to withdraw constructively [d]enied Appellant proper counsel during this PCRA litigation?

Appellant's Brief at 7 (issues reordered for ease of disposition; brackets omitted; some punctuation modified).

---

[8] Though the PCRA court's Memorandum bears a time stamp by the Dauphin County Clerk of Courts dated March 19, 2025, and is contained in the record, it was not entered on the trial court's docket.

We review the dismissal of a PCRA petition "to determine whether the ruling of the PCRA court is supported by the record and free of legal error." ***Commonwealth v. Wharton***, 263 A.3d 561, 567 (Pa. 2021) (citation omitted). In conducting our review, we

> consider the record in the light most favorable to the prevailing party at the PCRA level. This review is limited to the evidence of record and the factual findings of the PCRA court. We afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. Accordingly, as long as the PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its ruling. Nonetheless, where the issue pertains to a question of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Pointer***, ___ A.3d ___, 2025 Pa. Super. LEXIS 554, *22-23 (Pa. Super. filed Dec. 2, 2025) (quoting ***Commonwealth v. Pander***, 100 A.3d 626, 630 (Pa. Super. 2014) (*en banc*)).

In his first issue, Appellant asserts, in his statement of questions presented, that "trial counsel was ineffective for [his] failure to raise proper … challenges to the Commonwealth's lack of evidence to … establish[] a *prima facie* case at [Appellant's] preliminary hearing." Appellant's Brief at 7.

However, in the argument section of Appellant's brief, he sets forth no argument whatsoever supporting this claim.[9, 10]

As our Supreme Court has instructed, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (citing, *inter alia*, Pa.R.A.P. 2119(a) (providing that the argument section of an appellate brief must contain "discussion and citation of authorities as are deemed pertinent.")); *Commonwealth v. Armolt*, 294 A.3d 364, 379 (Pa. 2023) (holding, "mere issue spotting without sufficient

---

[9] We are mindful that Appellant proceeds *pro se* on appeal. Nevertheless,

> [u]nder Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants. Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading.

*Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014) (internal citation omitted).

[10] Moreover, Appellant's argument section does not comply with Pa.R.A.P. 2119(a), which requires the appellant to divide the argument section into separate sections for each issue set forth in the statement of questions presented, with distinctive headings for each such section. *Id.*; *see also* Pa.R.A.P. 2101 ("Briefs … shall conform in all material respects with the requirements of" the Pennsylvania Rules of Appellate Procedure "as nearly as the circumstances of the particular case will admit.").

- 11 -

analysis or legal support precludes appellate review" and results in waiver). Accordingly, based on Appellant's failure to develop this claim in any fashion, it is waived.[11]  **Johnson**, 985 A.2d at 924.

In his second issue, Appellant claims trial counsel was ineffective for failing to call Dawn as a witness at trial.  **See** Appellant's Brief at 11-14. According to Appellant, prior to trial, "[trial] counsel told witness Dawn [] that her testimony would not be needed and that [Appellant's] case was in 'good hands.'"  **Id.** at 12.  Appellant claims trial counsel lacked any "reasonable basis that could be discerned for failing to call waiting witnesses that would have testified in [Appellant's] defense."  **Id.**  Appellant maintains trial counsel's failure "caused Appellant prejudice and denied him … his right to a fair trial[.]"  **Id.** at 13; **see also id.** at 14 ("Trial counsel's decision in denying any witnesses to testify for the defense[,] after allowing the prosecution to call numerous witnesses to testify against [Appellant,] was so … self[-

---

[11] Even if this issue was not waived, we would determine that it lacks merit based upon the abovementioned reasoning the PCRA court set forth in its cogent Rule 907 Notice.  **See** Rule 907 Notice, 12/31/24, at 3-4; **see also Commonwealth v. Hess**, 414 A.2d 1043, 1048 (Pa. 1980) ("If … it is determined at trial that the evidence of the Commonwealth is sufficient to be submitted to the jury, then any deficiency in the presentation before the [Magisterial D]istrict [J]ustice [is] harmless."); **Commonwealth v. Rivera**, 255 A.3d 497, 503-04 (Pa. Super. 2021), **reversed on other grounds**, 296 A.3d 1141 (Pa. 2023) (holding that "the Supreme Court did not intend to extend **McClelland**'s holding to cases … where the complained-of defect in the preliminary hearing is subsequently cured at trial.  ….  Once [the defendant] has gone to trial and been found guilty of the crime, any defect in the preliminary hearing is rendered immaterial[.]" (citations and emphasis omitted)).

]defeating that it constitutes deficient performance which severely prejudiced [A]ppellant.").

As our Supreme Court has explained,

[t]o be entitled to PCRA relief, a petitioner must establish, by a preponderance of the evidence, that the conviction or sentence resulted from one or more of the enumerated errors set forth in 42 Pa.C.S.A. § 9543(a)(2). These include, *inter alia*, ... ineffective assistance of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

***Commonwealth v. Johnson***, 289 A.3d 959, 979 (Pa. 2023) (internal citation formatting modified).

In order to establish a claim of ineffectiveness, a PCRA petitioner must plead and prove three prongs:

(1) **the underlying claim has arguable merit**; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from ***Commonwealth v. Pierce***, 527 A.2d 973, 975-76 (Pa. 1987)). ... Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the ***Pierce*** prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015) (emphasis added; citations modified). Pennsylvania law presumes counsel is effective; a PCRA petitioner bears the burden of proving otherwise. ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018); ***see also Commonwealth v. Lesko***,

15 A.3d 345, 380 (Pa. 2011) ("When evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential." (citation and internal quotation marks omitted)).

Moreover, our Supreme Court has stated that "[a] defense attorney's failure to call certain witnesses does not constitute *per se* ineffectiveness." ***Commonwealth v. Cox***, 983 A.2d 666, 693 (Pa. 2009). To establish that defense counsel was ineffective for failing to call a witness at trial, the PCRA petitioner must demonstrate that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) **the witness was willing to testify for the defense**; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Johnson***, 966 A.2d 523, 536 (Pa. 2009) (citation omitted; emphasis added).

Instantly, we conclude Appellant's underlying claim lacks arguable merit and thus, trial counsel cannot be deemed ineffective on this basis. ***Treiber***, 121 A.3d at 445; ***Commonwealth v. Baumhammers***, 92 A.3d 708, 722 n.7 (Pa. 2014) (stating if the petitioner's underlying claim lacks arguable merit, any derivative claim of counsel's ineffectiveness "necessarily fails."). As explained *supra*, Dawn announced, on the record at trial, that she was not willing to testify (despite being identified on the defense pre-trial witness list). N.T., 3/7-9/22, at 322; ***see also Johnson***, 966 A.2d at 536 (stating that, to establish a claim of defense counsel's ineffectiveness for failure to call a

- 14 -

witness, the petitioner must establish that the witness was willing to testify for the defense). The trial court then asked Appellant whether he understood that "even if [Dawn] doesn't want to testify[, trial counsel] can call her to testify and she must answer[?]" N.T., 3/7-9/22, at 322. **Appellant replied, "I understand**, Your Honor." *Id.* at 323 (emphasis added). The trial court explained to Appellant, "this is a trial tactic as they call it. … So you have to decide, **are you telling me you're directing your attorney not to call** [**Dawn**]?" *Id.* (emphasis added). **Appellant replied, "Yes**, Your Honor." *Id.* (emphasis added). Trial counsel then explained to the trial court that, during a recess in the trial, he and Appellant "spent 15 minutes" discussing trial strategy and **trial counsel "<u>did</u> point out to** [**Appellant**] **the fact that** [**Dawn is**] **an <u>available</u> witness** …." *Id.* (emphasis added).

Based on the foregoing, Appellant's claim of trial counsel's ineffectiveness claim lacks arguable merit. Consequently, his second issue, alleging ineffectiveness of counsel, claim merits no relief.

In his final issue, Appellant claims the PCRA court erred by granting PCRA counsel's petition to withdraw from representation, and asserts PCRA counsel's ineffectiveness. *See* Appellant's Brief at 14-15. Specifically, Appellant argues PCRA counsel "failed to investigate [Appellant's] claim of ineffective assistance of [trial] counsel for failure to call … Dawn," which claim PCRA counsel at no time addressed. *Id.* at 14, 15 (capitalization modified); *see also id.* at 14 (maintaining PCRA counsel, in her petition to withdraw, did

not address Appellant's claim implicating Dawn, and "only investigated [] Appellant's claim of 'a violation of laws'" (capitalization modified)). Appellant attaches to his brief a letter purportedly written by Dawn, and asserts "PCRA counsel made contact with witness Dawn [] but never followed[-]up with" Dawn. *Id.* at 15; Ex. 2.

The Commonwealth counters the PCRA court properly granted PCRA counsel permission to withdraw as counsel, where she complied with *Turner*/*Finley*, and Appellant's PCRA claims lack merit. Commonwealth Brief at 11-12.

Pennsylvania Rule of Criminal Procedure 904 sets forth a PCRA petitioner's right to assistance of counsel for his or her first PCRA petition; once counsel is appointed, counsel must "either (1) amend the petitioner's *pro se* [p]etition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of *Turner*/*Finley*." *Commonwealth v. Cherry*, 155 A.3d 1080, 1083 (Pa. Super. 2017) (citation and footnote omitted).

It is established that

[a] *Turner*/*Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless.

*Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa. Super. 2019) (citing *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009)).

> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citing *Commonwealth v. Friend*, 896 A.2d 607, 614 (Pa. Super. 2006)). If counsel satisfies the technical requirements of *Turner*/*Finley*, "we then conduct an independent review of the petitioner's issues." *Knecht*, 219 A.3d at 691 (citing *Commonwealth v. Muzzy*, 141 A.3d 509, 511 (Pa. Super. 2016) ("Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case.") (citation and ellipses omitted)).

Instantly, our review discloses that PCRA counsel has complied with the above requirements. In her petition to withdraw, PCRA counsel (1) set forth the PCRA claims Appellant wished to have reviewed, (2) stated she has conducted a thorough review of the record and Appellant's claims, (3) explained why Appellant's properly-developed claims lack merit, and (4) determined Appellant could not raise any non-frivolous claims. Petition to Withdraw, 12/26/24, ¶¶ 11, 16-19. Additionally, PCRA counsel's petition to withdraw certifies that she sent Appellant a letter, which she attached to the petition, advising him of his immediate right to proceed *pro se* or to retain new counsel. *Id.* ¶ 20; Ex. A.

- 17 -

We have already determined that there is no merit to Appellant's claims of trial counsel's ineffectiveness for failing to call Dawn as a witness; therefore, PCRA counsel cannot be deemed ineffective for failing to raise a claim of trial counsel's ineffectiveness. *See Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa. Super. 2010) (stating that if the first "attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.").

Finally, like the PCRA court, we determine that an independent review of the record discloses no non-frivolous claims that Appellant could raise on appeal. *See Wrecks*, 931 A.2d at 721.

Based on the foregoing, we affirm the PCRA court's order dismissing Appellant's first PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/10/2026

- 18 -